that issued the policy, or by the estate of the deceased. The obligation arising from the order is official; that arising from the guaranty personal. In his official capacity the respondent, as trustee, was bound to obey the order of the Court. He had no authority to apply funds in his hands appropriated by law for the support of the family of the deceased, to the payment or satisfaction of his personal obligations.

Nor could he legally enter into any agreement or make any arrangement with the widow or any one else interested in the fund, for its application in that way. Such an arrangement would be subversive of the policy of the law, which appropriated the fund for the support of the family of the deceased, and void. Therefore, the consent of the widow, if such consent had been given, that the personal obligation of the administrator might be satisfied out of the family allowance, would not make valid what the law pronounces void. The allowance is as much for the advantage of the children of the deceased as for the widow, and it can not be affected by any agreement or understanding between the widow and the administrator which would have the effect to deprive the children of it, or to divert it to any other use than that specified in the law. (*Strawn* v. *Strawn*, 53 Ill. 263; *Phelps* v. *Phelps*, 72 id. 545.)

Order denying new trial reversed, and cause remanded for further proceedings.

MORRISON, C. J., and THORNTON and McKINSTRY, JJ., concurred.

MYRICK, J.: I dissent.

---

[No. 7,000.—Department Two.]
May 30, 1882.

## ANNIE DALEY ET AL. *v.* J. A. CUNNINGHAM ET AL.

PARTIES—JOINDER OF PARTIES—ACTION—TRUSTEE—BOND.—The defendant, C., entered into a contract with the plaintiff, D., for the construction of a building upon a lot belonging to them, upon which the plaintiff, the Savings and Loan Society, held a mortgage; and for the faithful perform-

ance of the contract, C. and the other defendants as sureties gave their
bond to the Savings and Loan Society, for the benefit of all the plaintiffs.
*Held* (in an action for a breach of the bond): The plaintiffs were prop-
erly joined.

APPEAL from a judgment for the plaintiffs and from an or-
der denying a new trial in the Nineteenth District Court of
the City and County of San Francisco. WHEELER, J.

Action by Annie Daley and John H. Daley, her husband,
and Savings and Loan Society against J. A. Cunningham *et
al.* The complaint alleged that the plaintiffs Daley on the
sixth day of June, 1874, executed a mortgage upon certain
premises to the Savings and Loan Society to secure a prom-
issory note, etc.; that on the tenth day of June, 1874, the de-
fendant Cunningham entered into a written contract with
the plaintiffs Daley to construct a building on the mortgaged
premises; that at the same time, and in consideration of the
said contract, the said Cunningham, as principal, and the
other defendants, as sureties, executed and delivered to said
Savings and Loan Society, for the benefit of plaintiffs, their
certain bond, etc.;    *    *    *    that said bond was upon the
express condition, thereunder written, that if the said Cun-
ningham should well and truly complete his said contract,
should save, harmless and fully indemnified, the said Annie
and John H. Daley and the said Savings and Loan Society
of and from all liens, claims, and demands arising or growing
out of the furnishing of the material and labor for said build-
ings, then the said obligation should be void; otherwise that
the same should remain in full force and virtue; that the de-
fendant Cunningham failed to perform his contract, and that
plaintiffs had been damaged thereby in the sum of six thou-
sand dollars.

*J. E. McElrath,* for Appellant.

The demurrer should have been sustained for misjoinder of
plaintiffs. The Daleys were the real parties in interest, and
could alone sue on the bond. (§ 367, C. Civ. Proc.; *Baker* v.
*Bartol,* 7 Cal. 551; *Summer* v. *Farrish,* 10 id. 347.)

*A. N. Drown,* for Respondent.

The demurrer for misjoinder of parties plaintiff did not lie.
Both the Savings and Loan Society and the Daleys were

real parties in interest. The building contract, the performance of which was secured by the bond, was entered into by the Daleys alone, but the money, as we have seen, was to be paid by the Savings and Loan Society, whose security for repayment was a mortgage upon the land and buildings, which security would of course suffer by a non-completion of the improvements. Accordingly, the bond was executed to the Savings and Loan Society for the benefit of itself and the Daleys, and for the protection of both. (C. C. P. §§ 378, 382, 389.)

The Savings and Loan Society was, to a certain extent, that is, so far as it held the bond for the benefit of others, a trustee of an express trust—"a person with whom or in whose name a contract was made for the benefit of another," (Code Civ. Proc. § 369); it might perhaps, have sued without joining with it "the person for whose benefit the action is prosecuted." But it was not compelled to do so. (Bliss on Code Pleading, §§ 52, 61, 73 and 75; Story's Eq. Pl. 7 ed. §§ 72, 207, 218, 219.)

The COURT:

We do not think there was any misjoinder of parties plaintiff in this cause (C. C. P., 382), and are of the opinion that the demurrer on that ground was properly overruled.

We find no error in the record, and the judgment and order are affirmed.

[No. 7,251.—In Bank.
May 30, 1882.

## JOSE AURRECOECHEA *v.* DUNCAN SINCLAIR ET AL.

PATENT—CONSTRUCTIVE TRUST—REVIEW OF DECISION OF LAND OFFICERS—PURCHASER IN GOOD FAITH—COMPLAINT—LEGAL CONCLUSIONS—CERTIFICATE OF PURCHASE—EVIDENCE—RIGHT OF PRE-EMPTION UNDER THE ACT OF JULY 23, 1866.—In an action by the assignee of a purchaser from the State under an invalid selection—claimed to have been confirmed by the Act of Congress of July 23, 1866, "to quiet land titles in California"—against a pre-emption claimant, to whom, after a contest before the Land Department, a patent had been issued—the object of the action being to have the defendant adjudged a trustee of the legal title for the plaintiff—