[Civ. No. 2362.   First Appellate District, Division One.—December 4, 1918.]

## MARCEL BASSOT, Appellant, v. UNITED RAILROADS OF SAN FRANCISCO, Respondent.

WORKMEN'S COMPENSATION ACT—MAKING OF LAWFUL CLAIM FOR COMPENSATION—SUBROGATION—RETENTION OF EQUITABLE INTEREST BY EMPLOYEE.—Section 31 of the Workmen's Compensation Act providing that the making of a lawful claim for compensation "shall operate as an assignment" of any right to recover damages which the injured employee may have against any other person for the injury, and the employer or his surety "shall be subrogated to any such right," and further providing that "any amount paid by the employer, or for which he is liable, shall be held by him for the benefit of the injured employee," operates to transfer the legal title to the claim for damages to the employer or his surety, but the employee still retains an equitable interest therein as to any surplus that may be recovered over the amount paid him by the employer, and is therefore a real party in interest in the litigation.

ID.—ACTION FOR DAMAGES — DISMISSAL AS TO EMPLOYEE—HARMLESS ERROR.—In an action for damages for personal injuries sustained by an employee in a collision with the street-car of defendant, brought in the names of the employee and the surety of the employer, the granting of a nonsuit and dismissal of the action as to the employee is erroneous, but harmless, where the employee remained represented in court by the agent designated by the statute to represent him, and the case was conducted to its conclusion by the attorney whom such employee had selected to represent him.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

L. M. Hoefler  and George F. Snyder  for Appellant.

Wm. M. Cannon  Wm. M. Abbott  and Kingsley Cannon for Respondent.

LENNON, P. J.—This is an action for damages for personal injuries sustained by plaintiff Bassot in a collision with the street-car of defendant.   At the time of the accident, Bassot was an employee of a corporation that carried compen-

sation insurance with plaintiff Insurance Company. The compensation due Bassot having been adjusted and paid, this action was commenced in the name of Bassot and the company. Defendant's demurrer to the complaint on the ground of misjoinder of parties plaintiff was overruled, and after issue joined, the cause proceeded to trial. At the close of the evidence, defendant made a motion for nonsuit as to both plaintiffs, which was granted as to Bassot on the ground that he was improperly joined as a party plaintiff, and denied as to the Insurance Company. The trial proceeded as between the company and defendant, and resulted in a verdict for defendant. This is an appeal by Bassot from a judgment of nonsuit entered against him. The record in the case consists simply of the judgment-roll and the proceedings on the motion for nonsuit.

Section 31 of the Workmen's Compensation Act, [Stats. 1913, p. 295], provides that the making of a lawful claim for compensation ''shall operate as an assignment'' of any right to recover damages which the injured employee may have against any other person for the injury, and the employer or his surety ''shall be subrogated to any such right,'' the section also provides that ''any amount collected by the employer, . . . in excess of the amount paid by the employer, or for which he is liable, shall be held by him for the benefit of the injured employee.'' Respondent is correct in its contention that this section operates to transfer the legal title to the claim for damages to the employer or his surety, but it is also true that the employee still retains an equitable interest therein as to any surplus that may be recovered over the amount paid him by the employer, and he is therefore a real party in interest in the litigation. Although section 369 of the Code of Civil Procedure provides that a ''trustee of an express trust, . . . may sue without joining with him the persons for whose benefit the action is prosecuted,'' section 378 of that code provides that ''all persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except when otherwise provided in this title.'' There is ample authority in this state to the effect that the provisions of section 369 are permissive only, and that the beneficiary of the trust may properly be joined as a party plaintiff with the trustee by virtue of section 378. (*Daley* v. *Cunningham,* 60 Cal. 530; *Cerf* v. *Ashley,* 68 Cal. 419, [9 Pac. 658].)

It therefore follows that, while Bassot was not a necessary party to the suit, he was at all events a proper party thereto, and that the lower court was in error in granting the motion for a nonsuit and dismissing the action as to him.

We are of the opinion, however, that the judgment should be affirmed because it affirmatively appears from the record that the error of the trial court was harmless. Although Bassot was dismissed from the action, he remained represented in court by the agent designated by the statute to represent him as plaintiff. The case was conducted to its conclusion by the attorney whom Bassot had selected to represent him. The verdict of the jury, amounting as it does to a finding that the defendant was without fault in the accident out of which the action arose, was a negation of the existence of any right whatsoever in Bassot, as Bassot's interest in the case was of necessity predicated upon a showing of negligence upon the part of the defendant and a recovery in excess of the sum that Bassot had already received as compensation.

Judgment is affirmed.

Sturtevant, J., *pro tem.*, and Beasly, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 30, 1919.

All the Justices concurred.