[Civ. No. 2705.   First Appellate District, Division Two.—February 21, 1919.]

BETTY T. HALL et al., Appellants, v. SOUTHERN PACIFIC COMPANY (a Corporation), et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—AWARD TO INJURED EMPLOYEE—SUBSEQUENT ACTION BY EMPLOYEE AGAINST TORT-FEASOR—PARTIES — JOINDER OF EMPLOYEE WITH EMPLOYER OR INSURANCE CARRIER.—An injured employee, after having made claim and received an award against his employer under the Workmen's Com-

pensation Act, may join as party plaintiff with his employer or the latter's insurance carrier in a suit against a third party whose tort caused the injuries complained of.

[2] ID.—EMPLOYER REFUSING TO JOIN AS PLAINTIFF—INJURED EM-PLOYEE SUING ALONE.—Upon the refusal of the employer to join as plaintiff in such a suit, the injured employee may sue alone, by joining the employer as a defendant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge. Reversed. .

The facts are stated in the opinion of the court.

Keyes & Erskine for Appellants.

A. L. Clark, Henley C. Booth, Edwin T. Cooper and H. K. Eells for Respondents.

HAVEN, J.—This action was brought to recover damages for the death of Lucius Endicott Hall, Jr., which is alleged to have been caused by the negligence of the defendant, Healy-Tibbitts Construction Company. Plaintiffs are the surviving widow and minor child of said deceased. At the time of the accident which caused his death the deceased was employed by the defendant Southern Pacific Company as a pile inspector and construction engineer, and was performing services growing out of and incidental to such employment. After his death the plaintiffs filed a lawful claim against the defendant Southern Pacific Company for compensation for such death· under the provisions of the Workmen's Compensation, Insurance and Safety Act (Stats. 1913, p. 279). Upon that claim the Industrial Accident Commission made an award in favor of the plaintiffs and against the defendant, Southern Pacific Company, requiring payment by that company to plaintiffs of compensation in weekly installments; the total liability of the said defendant upon such award being five thousand one hundred dollars. After the making of such award, the plaintiffs requested the defendant Southern Pacific Company to commence an action against the defendant Healy-Tibbitts Construction Company to recover damages for the death of said deceased, with the further request that the excess of any amount which might be recovered in such suit, over the liabil-

ity of the defendant Southern Pacific Company to plaintiffs under the award, be paid to plaintiffs. The said defendant Southern Pacific Company refused to bring such action, whereupon this action was brought by plaintiffs, and the Southern Pacific Company was joined as a party defendant. The prayer is for judgment for the sum of fifty thousand dollars ''in favor of the Southern Pacific Company, for the use of the plaintiffs.''

. To plaintiffs' complaint, alleging substantially the above-recited facts, the defendants filed separate demurrers, both of which were sustained. Plaintiffs declining to amend, judgment was entered against them, from which they appeal. The sole question presented is whether or not plaintiffs can maintain this action against a third party, whose negligence is alleged to have caused the death, after having made claim against the employer of the deceased for compensation under the provisions of the Workmen's Compensation Act, and received an award on such claim.

The answer to that question depends on the proper construction to be given to section 31 of the act referred to, which, as far as is here material, reads as follows:

''The making of a lawful claim against an employer for compensation under this act for the injury or death of his employee shall operate as an assignment to the employer of any right to recover damages which the injured employee, or his personal representative, or other person, may have against any other party for such injury or death, and such employer shall be subrogated to any such right and may enforce in his own name the legal liability of such other party . . . but any amount collected by the employer, under the provisions of this section, in excess of the amount paid by the employer, or for which he is liable, shall be held by him for the benefit of the injured employee or other person entitled.''

In the case of *Marcel Bassot and The Ocean Accident & Guarantee Corporation* v. *United Railroads of San Francisco,* 39 Cal. App. 60, [177 Pac. 884], recently decided by Division One of this court, suit was brought by an injured employee and his employer's insurance carrier jointly against the defendant corporation to recover damages caused by the latter's alleged negligence. The compensation due the employee under the Workmen's Compensation Act had been adjusted and paid by the insurance company; after which both joined as plaintiffs

against the third party whose negligence was alleged to have been the cause of the injuries received. A motion for nonsuit was granted as against the plaintiff employee on the ground that he was improperly joined as a party plaintiff. The case was twice heard in the district court of appeal, and in both opinions the granting of such nonsuit was held to have been erroneous. In the decision on rehearing the court, in referring to section 31 of the above act, and adopting the language of the original opinion, says:

"Respondent is correct in its contention that this section operates to transfer the legal title to the claim for damages to the employer or his surety, but it is also true that the employee still retains an equitable interest therein as to any surplus that may be recovered over the amount paid him by the employer, and he is therefore a real party in interest in the litigation. Although section 369 of the Code of Civil Procedure provides that 'a trustee of an express trust may sue without joining the person for whose benefit the action is prosecuted,' section 378 of that code provides that 'all persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except when otherwise provided in this title.' There is ample authority in this state to the effect that the provisions of section 369 are permissive only, and that the beneficiary of the trust may properly be joined as a party plaintiff with the trustee by virtue of section 378. (*Daley* v. *Cunningham,* 60 Cal. 530; *Cerf* v. *Ashley,* 68 Cal. 419, [9 Pac. 658].) It therefore follows that, while Bassot was not a necessary party to the suit, he was at all events a proper party thereto, and that the lower court was in error in granting the motion for a nonsuit and dismissing the action as to him."

A petition to have the above case heard and determined by the supreme court, after judgment in this court, was denied by the supreme court on January 30, 1919. We are in entire accord with the construction of the statute announced in the above case. **[1]** If we were not, we should be bound to consider that the opinions referred to, and the refusal of the supreme court to disturb the same, establish the law in this state to the effect that an injured employee, after having made claim and received an award under the Workmen's Compensation Act, may join as a party plaintiff with his employer, or

the latter's insurance carrier, in a suit against a third party whose tort has caused the injury complained of.

[2]    The only remaining question in this case is whether, upon the refusal of the employer to join as plaintiff in such a suit, the injured employee, or the heirs at law of a deceased employee, may maintain the action alone by joining the employer as a defendant.    If such power does not exist, the right of the injured employee, or the heirs of the deceased employee, to protect their equitable interest in the surplus that may be recovered for their benefit, can easily be destroyed by the refusal of the employer to join as plaintiff.    In such event, the plaintiffs in this action, having an established right to sue, would be denied that right by reason of the refusal of their trustee to protect their interests.    The necessity of preventing such a denial of justice on broader grounds is obviated by the provisions of section 382 of the Code of Civil Procedure: "Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of anyone who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint."

Plaintiffs complied with this section and, by virtue of its provisions, are entitled to maintain the action as sole plaintiffs.

The judgment must be reversed, with instructions to the trial court to overrule the demurrers to plaintiffs' complaint, and it is so ordered.

Langdon, P. J., and Brittain, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 21, 1919.

All the Justices concurred.