[Civ. No. 2701. First Appellate District, Division Two.—February 21, 1919.]

FELIX ONDANCK, Appellant, v. SOUTHERN PACIFIC COMPANY et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT — AWARD OF COMPENSATION FOR INJURIES—SUBSEQUENT ACTION AGAINST NEGLIGENT PARTY—EMPLOYER AND INSURANCE CARRIER REFUSING TO JOIN— EMPLOYEE SUING ALONE.—After an award by the Industrial Accident Commission to an injured employee, and payment by the employer's insurance carrier, the injured employee may maintain an action alone against the party whose negligence caused the injury, where the employer and his insurance carrier refuse to join as plaintiffs by making them parties defendant.

APPEAL from a judgment of the Superior Court of Santa Cruz County. Benj. K. Knight, Judge. Reversed.

The facts are stated in the opinion of the court.

Charles B. Younger for Appellant.

Chas. M. Cassin and James L. Atteridge for Respondent Southern Pacific Company.

HAVEN, J.—Plaintiff sued to recover damages for injuries received by him through the negligence of defendant Southern Pacific Company in shunting a car into a truck of lumber, which plaintiff was engaged in moving in the course of his employment by the defendant San Vicente Lumber Company. After the accident, plaintiff received from his employer medical and surgical attendance, and from the employer's insurance carrier, the defendant Guardian Casualty and Guaranty Company, sixty-five per cent of his average weekly earnings from the time of the accident until a few days before the commencement of the action, which latter payment is alleged to have been made pursuant to an award by the Industrial Accident Commission. Subsequent to that award, the plaintiff requested his employer and its insurance carrier to join him in the institution of this action, but both of said defendants refused to so join. The action was then commenced by the injured employee as sole plaintiff. All of the defendants de-

murred to the complaint. Their demurrers were sustained without leave to amend and judgment was thereupon entered in favor of defendants from which plaintiff appeals.

[1]  The question presented for determination is the same as that involved in the action of *Hall* v. *Southern Pacific Co., post,* p. 39, [180 Pac. 20]. In this case the action is by the injured employee, while in the Hall case the employee was killed and the action was brought by his heirs at law. Here an insurance carrier made certain payments and is joined as a defendant for that reason, which fact did not appear in the Hall case. These differences of facts do not differentiate the question involved upon the appeal. For the reasons given in the opinion in the Hall case, it must be held that plaintiff was entitled to maintain this suit as sole plaintiff, upon joining his employer and the latter's insurance carrier as defendants, and, for that reason, the demurrers of defendants to plaintiff's complaint were erroneously sustained.

It is therefore ordered that the judgment be reversed, with instructions to the trial court to overrule the demurrers to plaintiff's complaint.

Langdon, P. J., and Brittain, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 21, 1919.

All the Justices concurred.