[S. F. No. 8597. In Bank.—December 16, 1919.]

## FRANK LESLIE STACKPOLE, Appellant, v. PACIFIC GAS AND ELECTRIC COMPANY (a Corporation), Respondent.

[1] WORKMEN'S COMPENSATION ACT—SUBROGATION—MAINTENANCE · OF ACTION—PARTIES.—Under the provisions of section 31 and those of section 35, subdivision f, of the Workmen's Compensation Act, the act of a father in collecting compensation from his son's employer for the son's death worked an assignment to the employer or insurance carrier of any cause of action against the third party whose negligence caused the death, and the employer or insurance carrier, in view of section 369 of the Code of Civil Procedure, could maintain such action in their own names.

[2] ID.—INTEREST OF SUBROGATING PARTY—EXTENT OF.—While the act of a father in collecting compensation from his son's employer for the son's death worked an assignment to the employer or insurance carrier of any cause of action against the third party responsible for the death, the father nevertheless remained interested in any recovery that might be had to the extent of any excess recovered over the amount necessary to reimburse the employer or his carrier.

[3] PLEADING—PARTIES—CONSTRUCTION OF CODE.—While section 369 of the Code of Civil Procedure permits in certain cases the maintenance of an action in the sole name of one who is not beneficially interested, or who is not alone beneficially interested, it does not prevent those who are interested themselves from maintaining the action or being parties to it, in view of section 378 of such code.

[4] WORKMEN'S COMPENSATION ACT—SUBROGATION—ACTION FOR DEATH OF EMPLOYEE—PARTIES.—Where a father had collected compensation for the death of his son from the son's employer, he could not, in view of section 382 of the Code of Civil Procedure, prosecute an action for damages for such death against the third party responsible therefor without joining the employer and his insurance carrier as plaintiffs or defendants.

[5] ID.—NONJOINDER OF PARTIES—MANNER OF OBJECTION.—Objection to the prosecution of such an action by the father without joining the employer and carrier as parties is one of nonjoinder of necessary parties and must be presented in the manner prescribed by the code, and cannot be made by motion for nonsuit.

[6] NEGLIGENCE—DEATH FROM CONTACT WITH ELECTRIC POWER WIRE—PROXIMATE CAUSE.—In this action for damages for the death of plaintiff's son from coming in contact with a high-voltage wire of an electric company, it is held the proximate cause of death was the negligence of the employer of deceased in moving a pile-driver before the wires had been set back, as agreed, to avoid danger.

APPEAL from a judgment of the Superior Court of Marin County. Benjamin K. Knight, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Clayberg & Nutting for Appellant.

Stanley Moore and Wm. B. Bosley for Respondent.

OLNEY, J.—This is an action by the father of a minor son to recover damages for the latter's death alleged to have been caused by the defendant's negligence. At the trial a nonsuit was granted at the close of the evidence for the plaintiff and judgment entered for the defendant, from which the plaintiff appeals.

The motion for nonsuit was upon two grounds. The first was that it appeared from the evidence that the plaintiff's son was killed while in the employ of one Price, and the plaintiff had collected from the insurance carrier for Price the amount to which, as the decedent's father, he was entitled under the Workmen's Compensation Act. Defendant's contention is that any right of recovery which might exist against it because of the decedent's death was, by the plaintiff's act in claiming and collecting compensation from the decedent's employer, transferred to the latter, and that plaintiff, therefore, could not maintain the action. This defense is both pleaded and discussed as an objection to the plaintiff's capacity to sue, but it is plain that it is not that. It is an objection, not that the plaintiff has not the capacity to maintain the action; but that he has no cause of action to maintain, that whatever cause of action may exist because of the decedent's death now belongs to someone else.

The contention is based upon section 31 of the Workmen's Compensation Act (Stats. 1913, p. 295) as it read at the time of the accident. The section was as follows:

"Sec. 31. The making of a lawful claim against an employer for compensation under this act for the injury or death of his employee shall operate as an assignment to the employer of any right' to recover damages which the injured employee, or his personal representative, or other person, may have against any other party for such injury or

death, and such employer shall be subrogated to any such right and may enforce in his own name the legal liability of such other party. The amount of compensation paid by the employer, or the amount of compensation to which the injured employee or his dependents is entitled, shall not be admissible in evidence in any action brought to recover damages, but any amount collected by the employer, under the provisions of this section, in excess of the amount paid by the employer, or for which he is liable, shall be held by him for the benefit of the injured employee or other person entitled.''

This language is plain and unambiguous, at least as far as the present case is concerned. [1] Under its provisions and those of section 34, subdivision f, subrogating the insurance carrier to the rights of the employer, the act of the plaintiff in collecting compensation from his son's employer worked an assignment to the latter or to the latter's insurance carrier of any cause of action against the defendant for the son's death, and the employer or his carrier could maintain such action in their own names. [2] On the other hand, the father, the plaintiff, remained interested in any recovery that might be had, to the extent of any excess recovered over the amount necessary to reimburse the employer or his carrier.

There is nothing novel in the situation so presented. It is the familiar case where a chose in action is transferred, either by voluntary assignment or otherwise, so that the transferee has the right to bring and maintain an action upon it, but the transferrer, the original owner, still retains an interest in the right sought to be enforced. So far as the question of proper parties, plaintiff or defendant, is concerned, there is no difference between the situation in the present case and that presented, for example, in the case where the owner of an assignable chose in action assigns it, but the assignment is by way of security, so that the assignor still has an interest. The transfer in the one case is worked by operation of law according to the statute, and in the other by voluntary assignment, but the situation created by the transfer is the same in both.

It is a situation that is governed by the code sections with relation to parties to actions. Section 367 of the Code of Civil Procedure, provides that every action must be prose-

cuted in the name of the real party in interest except as provided in section 369. Section 369 provides, among other things, that a person expressly authorized by statute may sue without joining with him the persons for whose benefit the action is prosecuted. Such cases as the present clearly come within this provision, since the section of the Workmen's Compensation Act (section 31) just quoted expressly authorizes the employer to maintain the action in his own name and by necessary implication without joining the original owner of the cause of action, the employee injured, or the representatives of the employee killed.

[3] It is familiar law, however, that section 369 is, in accordance with its language, permissive and not exclusive in its operation; that is, while it permits in certain cases the maintenance of an action in the sole name of one who is not beneficially interested, or who is not alone beneficially interested, it does not prevent those who are interested themselves maintaining the action or being parties to it. Such right is, in fact, expressly given by section 378 of the Code of Civil Procedure, which reads: "All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except when otherwise provided in this title."

The injured employee, or in case of his death those having a cause of action because of his death, clearly have an interest in the recovery against a third person responsible for the injury or death, even though compensation has been paid by the employer, because of the right given them to any excess recovered over the amount necessary to reimburse the employer for the compensation he has paid. They therefore come within the provisions of the section just quoted, and are with the employer, proper parties plaintiff. This was held in *Bassot* v. *United Railroads*, 39 Cal. App. 60, [177 Pac. 884].

The situation then being that the plaintiff in the present case was a proper party plaintiff because of his interest in the recovery, the case comes directly within section 382 of the Code of Civil Procedure, which reads: "Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of anyone who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason therefor

being stated in the complaint.'' The plaintiff could therefore have maintained the present action, jointly with his son's employer or the latter's insurance carrier if they were willing, or alone if they were not, making them in the latter case parties defendant. This was held in *Hall* v. *Southern Pacific Co.*, 40 Cal. App. 39, [180 Pac. 20].

[4] In the present case neither the employer nor his insurance carrier were made parties, but the plaintiff endeavored to prosecute the action without them, although he had been compensated and they were directly and beneficially interested in the recovery sought. This he could not do, if suitable objection were made, for they were necessary parties. But the objection is not one which could be made by motion for a nonsuit. The plaintiff had the right to maintain the action, which is all that could be determined on such a motion. [5] The objection is one of nonjoinder of necessary parties and must be presented in the manner prescribed by the code for presenting such an objection. For an exactly similar case, see *Graham* v. *Light*, 4 Cal. App. 400, [88 Pac. 373]. It follows that the nonsuit cannot be maintained on the first ground urged.

The second ground upon which the motion for nonsuit was made was that negligence on the part of the defendant did not appear. The facts, as shown by the evidence, are:

The defendant is a light and power company and, as a part of its plant, maintained a power line of two thousand three hundred volts carried on poles along the side of a country road in Marin County. The line was carried twenty-two feet or more above the ground on cross-arms, which, in addition to the power wires, carried two other wires, either telephone or telegraph. The wires were originally insulated, but the insulating material had come loose and in places was hanging in strips. The decedent's employer, Price, obtained a contract from the county to put in a bridge on the road. To do this work Price wished to drive some piles, using a pile-driver. The piles were to be driven beside the roadbed, and the wires of the pole line of the defendant were so close that it was necessary to move them in order to place the pile-driver, extending above them, in position. Price several times spoke to the local agent of the defendant about moving the wires and he agreed to move them, but it was not done. Price finally, without waiting

any longer for the wires to be set back, proceeded to move the pile-driver in. In the course of doing this, it either came in contact with a power wire or came so close to it as to establish a connection between the wire and a wire cable running over the sheave at the top of the pile-driver, with the result that the current passed down the cable and killed the decedent, who had had hold of the cable on the ground. Both Price and his foreman knew that the wires were power wires.

[6] It is perfectly apparent from the foregoing facts that the proximate cause of the decedent's death was not any negligence on the part of the defendant, but was the negligence of Price in moving in the pile-driver before the wires had been set back so as to avoid danger. The fact that the defendant delayed setting back the wires, although it had promised to do so, or even though we assume it was its duty to do so, is wholly immaterial. The utmost responsibility which would attach to the defendant for such delay would be to compensate Price for the consequent delay to his work. But it was not the delay in setting back the wires that killed the decedent, but the moving in of the pile-driver before they were set back and were safely out of the way.

Plaintiff's counsel contend that the defendant was negligent in maintaining a high-voltage line along the highway without placing upon the post or cross-arms any sign indicating that the line was a high-voltage line. But no sign was needed, for the fact that it was a power line must have been evident, and in the present case was actually known. Price and his foreman testified that they knew it, but that they did not know it was carrying a voltage as high as two thousand three hundred, or any voltage so high as to be dangerous to life. But it is a matter of common knowledge that any line carrying electricity for power is dangerous to a more or less degree, and here Price's foreman testifies that just prior to moving in the pile-driver he called up the defendant's power-house and inquired the voltage of the line, and that the person who answered said he was not familiar with the particular line, but that they had lines in that vicinity carrying two thousand three hundred volts and others carrying 110. In the light of this information that the line might be carrying two thousand three hundred

CLXXXI Cal.—45

volts, Price, to put it very mildly, was not reasonably justified in moving in the pile-driver, and the responsibility for any accident resulting from his doing so is solely his and not the defendant's. The situation is not helped by the fact that the insulation on the wire had come loose and was hanging in strips. Observing this, Price must have known that there would be no protection from the insulation, and should have been doubly careful.

It follows that the nonsuit was properly granted upon the second ground urged.

Judgment affirmed.

Shaw, J., Lennon, J., Wilbur, J., and Angellotti, C. J., concurred.