[Civ. No. 3569. Second Appellate District, Division Two.—January 13, 1922.]

## JOHN I. VAN ZANDT, Respondent, v. E. W. SWEET, Appellant.

[1] WORKMEN'S COMPENSATION ACT — CLAIM FOR COMPENSATION— RIGHT OF ACTION AGAINST THIRD PARTY.—Under the Workmen's Compensation Act of 1917, the claim of an employee for compensation does not affect his right of action for damages arising out of injury against any person other than the employer.

[2] ID.—ACTION BY EMPLOYEE AGAINST NEGLIGENT THIRD PARTY — NOTICE TO EMPLOYER—APPEAL FROM JUDGMENT—PRESUMPTION.— On appeal from a judgment in an action by an employee who has received compensation under the Workmen's Compensation Act against a negligent third party, it must be assumed, in the absence of some affirmative showing to the contrary, that plaintiff notified his employer or his insurance carrier in writing, by personal service or by registered mail, of the fact that he had brought the action, as required by section 26 of such act.

[3] ID.—NOTICE OF EMPLOYEE'S ACTION—NONESSENTIAL ELEMENT.— The notice to the employer, or to his insurance carrier, of the bringing of an action by an employee against a negligent third party as provided by section 26 of the Workmen's Compensation Act is not an essential ingredient of the employee's cause of action.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Affirmed.

1. Right to and effect of election with respect to acceptance of provisions of Workmen's Compensation Act, notes, **Ann. Cas.** 1915C, 308; **Ann. Cas.** 1918A, 700; **Ann. Cas.** 1918B, 715.

The facts are stated in the opinion of the court.

W. I. Gilbert for Appellant.

Chas. J. Kelly, D. A. Stewart, J. B. Benjamin, A. L. Abrahams and P. B. D'Orr for Respondent.

FINLAYSON, P. J.—This is an action for damages for personal injuries sustained by plaintiff in a collision with an automobile driven by defendant. The jury returned a verdict in plaintiff's favor, and from a judgment entered thereon the defendant appeals.

At the time of the accident, August 28, 1919, plaintiff was in the service of an employer who had been insured by the state compensation insurance fund against liability for compensation to an employee. During plaintiff's cross-examination the fact was brought out that he had made application to the Industrial Accident Commission for compensation under the workmen's compensation law (Stats. 1917, p. 831) and that he had been paid such compensation by his employer's insurance carrier, the state compensation insurance fund. Thereupon defendant moved the court for a nonsuit on the ground that plaintiff had received compensation under the workmen's compensation law. The motion was denied. Later, and after both parties had introduced their evidence and rested, defendant requested the court to peremptorily instruct the jury to return a verdict for defendant. The requested instruction was denied. This request for a peremptory instruction was made for the same reason that the motion for a nonsuit was made, namely, for the reason that, on his own showing, plaintiff had received compensation under the workmen's compensation law. The sole point made on this appeal is that the trial court erred in denying defendant's motion for a nonsuit, and likewise in denying his request for such peremptory instruction.

[1] Without doubt, plaintiff, under the workmen's compensation law in force at the time of the accident—the act of 1917, as amended by the act of 1919 (Stats. 1919, p. 910) —had a right of action against this defendant for damages arising out of his injuries, notwithstanding the receipt of compensation from his employer's insurance carrier. Such

right of action is expressly recognized by section 26 of the act, which, so far as it is applicable to this particular point, reads: ''The claim of an employee for compensation [under the workmen's compensation law] shall not affect his right of action for damages arising out of injury . . . against any person other than the employer.'' Such right of action against a third party causing the injury was possessed by the injured employee under the original workmen's compensation law—the act of 1913 (Stats. 1913, p. 279.) (*Stackpole* v. *Pacific Gas & Electric Co.*, 181 Cal. 700 [186 Pac. 354]; *Bassot* v. *United Railroads of San Francisco*, 39 Cal. App. 60 [177 Pac. 884]; *Hall* v. *Southern Pac. Co.*, 40 Cal. App. 39 [180 Pac. 20].) If such right existed under the act of 1913, there is much stronger reason for holding that it exists under the present act—the act in force when this accident occurred—for, as we have shown, the right is expressly recognized by the latter act.

[2] The gravamen of appellant's argument in this court appears to be grounded upon the assumption that plaintiff did not comply with that provision of the act which requires the employee to give notice of the action to his employer or to the latter's insurance carrier. Section 26 of the present act, after stating that the claim of an employee for compensation under the act shall not affect his right of action for damages against a person other than his employer, and after providing that if the employer has paid or become obligated to pay compensation under the act he likewise may bring an action against such third person to recover the damages, proceeds as follows: ''If either such employee or such employer shall bring such action against such third person, he shall forthwith notify the other in writing, by personal service or registered mail, of such fact and of the name of the court in which such suit is brought, filing proof thereof in such action, and if the action be brought by either, the other may, at any time before the trial on the facts, join as party plaintiff or must consolidate his action, if brought independently.'' The act also provides (sec. 30, subd. f) that if an insurance carrier shall have paid any compensation for which the employer is liable, such insurance carrier shall be subrogated to all the rights of the employer and may enforce any such rights in its own name.

In no part of the record to which our attention has been called by the briefs on file does it appear that plaintiff, the employee, failed to give to his employer, or to the latter's insurance carrier, the notice required of plaintiff by the above-quoted provision of the act. We do not concede that a failure so to notify the employer or his insurance carrier would constitute a ground for a nonsuit or justify a peremptory instruction to the jury to return a verdict for the defendant. On the contrary, it would seem that, while a failure to give the prescribed notice would be ground for a continuance of the case until such time as the notice should be given, a nonsuit or a verdict for the defendant would not be warranted by such failure to notify the employer or his insurance carrier. [3] The notice to the employer, or to his insurance carrier, is not an essential ingredient of the employee's cause of action against the negligent third party. It is not something to be done as a condition precedent to the employee's right to bring the action. However, without deciding whether a nonsuit or a peremptory instruction to find for the defendant is the proper procedure where the plaintiff has failed to give the prescribed notice, suffice it to say that, since every intendment is in favor of the regularity of the proceedings in the court below, we must assume, in the absence of some affirmative showing to the contrary, that plaintiff did notify his employer's insurance carrier, in writing, by personal service or by registered mail, of the fact that he had brought the action in the superior court for Los Angeles County.

The appeal is so manifestly destitute of merit that we are unable to perceive any reason for it, other than a desire for vexation and delay. It is, therefore, a proper case for the imposition of a penalty.

The judgment is affirmed, and it is ordered that respondent recover of appellant the sum of one hundred dollars as damages on account of the appeal, and his costs.

Works, J., and Craig, J., concurred.