[No. 18719. Department Two. December 26, 1924.]

W. P. REUTENIK, as Administrator of the Estate of Fred H. Hartje, Deceased, Respondent, v. GIBSON PACKING COMPANY, Appellant, HARTFORD ACCIDENT & INDEMNITY COMPANY, Intervener and Respondent.[1]

DEATH (13, 14)—ACTIONS—PERSONS ENTITLED TO SUE. The right of action provided for wrongful death by Rem. Comp. Stat., §§ 183 and 183-1, is not vested in the widow, but in the personal representative of the decedent.

DEATH (13)—MASTER AND SERVANT (121-2)—WORKMEN'S COMPENSATION ACT—REMEDIES—PERSONS ENTITLED TO SUE. The fact that decedent carried accident insurance is no defense to an action for wrongful death, prosecuted by his personal representative for the benefit of the widow who was the beneficiary in the accident policy.

SAME (13)—MASTER AND SERVANT (121-2)—EFFECT OF LIEN FOR BENEFIT OF INSURER. An action for wrongful death, prosecuted in this state by the personal representative for the benefit of the

[1]Reported in 231 Pac. 773.

widow, is not affected by the fact that decedent's employer in California was required, under the workmen's compensation act of that state, to carry accident insurance for the widow's benefit; and that, by Laws of California, 1919, p. 920, § 26, the insurer was given a first lien upon any judgment that might be recovered for wrongful death to the extent of the expenditures incurred; since the California contract was lawful and enforcible and the action by the personal representative under Rem. Comp. Stat., §§ 183, 183-1, was for the benefit of the widow, notwithstanding the insured intervened and claimed a lien for the insurance paid, the defendant not being concerned as to whom the proceeds of the judgment go, when it was a bar to any further recovery.

CONTRACTS (56)—CONSTRUCTION—WHAT LAW GOVERNS. The construction of the laws of a sister state by its court of last resort, is a part of the law of the contract made thereunder, and a part of the contract.

Appeal from a judgment of the superior court for Yakima county, Nichoson, J., entered August 18, 1923, upon the verdict of a jury rendered in favor of the plaintiff, in an action for wrongful death. Affirmed.

*J. Speed Smith, Henry Elliott, Jr., Rigg & Venables,* and *Nat. U. Brown,* for appellant.

*P. V. Davis* and *Richards, Gilbert & Fontaine,* for respondent.

*Roberts & Skeel,* for intervener and respondent.

HOLCOMB, J.—On June 8, 1922, respondent's decedent, Fred H. Hartje, then living in Yakima county, received injuries in an automobile collision in Yakima county, from which he died. The automobile causing the injuries was a delivery truck owned by appellant and driven by its agent. Thereafter respondent was named as administrator of the estate of Hartje, and brought an action against appellant for the benefit of Alice M. Hartje, widow of the decedent, claiming that the injuries and death were caused by the wrongful act of appellant.

Appellant answered admitting the collision, denying negligence, and setting up as an affirmative defense the contributory negligence of the decedent. As a second affirmative defense, appellant alleged that, at the time of his death, Hartje was a resident of California, was employed as a potato buyer by the Atlantic Produce Company, a corporation of that state, and was so engaged at the time of his death; that, under the laws of California, and particularly under the workmen's compensation and safety laws, being ch. 176 of the Laws of 1913, p. 279, as amended by ch. 586 of the Laws of 1917, p. 831, and ch. 471, p. 920 of the Laws of 1919 of California, the Atlantic Produce Company was an employer required by the act to carry industrial accident insurance on behalf of its employee, and that in accordance therewith it had, prior to the date of the accident, procured such insurance from the Hartford Accident & Indemnity Company, a corporation and that such act provides, among other things, as follows:

"Death Benefit.

"(c)    .    .    .    If the injury causes death, either with or without disability, the burial expenses of the deceased employee as hereinafter limited and a death benefit shall be payable in installments equal to sixty-five per cent of the average weekly earnings of the deceased employee, upon the employer's regular pay day, but not less frequently than twice in each calendar month, unless otherwise ordered by the commission, which death benefit shall be as follows:

"(1) In case the deceased employee leaves a person or persons wholly dependent upon him for support, such dependents shall be allowed the reasonable expenses of his burial, not exceeding one hundred dollars, and a death benefit, which shall be a sum sufficient, when added to the disability indemnity which at the time of death has accrued and become payable under the provisions of subsection (b) hereof, and the

said burial expense, to make the total disability indemnity, cost of burial and death benefit equal to three times his average annual earnings, such average earnings to be taken at not less than three hundred thirty-three dollars and thirty-three cents, nor more than one thousand six hundred and sixty-six dollars and sixty-six cents. California Stat. (1919), p. 916.

"(3) If the deceased employee leaves no person dependent upon him for support, the death benefit shall consist of the reasonable expense of his burial, not exceeding one hundred dollars and such other benefits as may be provided by law." California Stat. (1919), p. 917.

That § 5 of the act provides as follows:

"Section 5. Said commission is hereby vested with full power, authority and jurisdiction under the provisions of this act and charged with the duties defined by the provisions of this act in addition to all other power, authority, jurisdiction and duties conferred upon it and exercised by it as heretofore created, constituted and existing." California Stat. (1917), p. 834.

That thereafter Alice M. Hartje, widow of decedent, on whose behalf this action is being prosecuted, made claim for compensation under the provisions of the above entitled act, and took such steps as were necessary to procure from the Industrial Accident Commission of California an award as therein provided, on account of the death of decedent; that, on September 27, 1922, an award was made by the Industrial Insurance and Safety Commission of California, in the sum of five thousand dollars, payable in weekly installments of twenty and 83-100 ($20.83) dollars per week; that the Hartford Accident & Indemnity Company, a corporation, appeared in regular course in the proceeding upon the application of Alice M. Hartje, and the Industrial Insurance Commission, under the provisions of the law heretofore referred to, had jurisdic-

tion over both Mrs. Hartje and the Hartford Accident & Indemnity Company, and the cause of action arising in favor of Mrs. Hartje and against the indemnity company under the insurance policy procured and maintained by the Atlantic Produce Company, a corporation, and that the award made by the California commission was accepted by Mrs. Hartje and by the indemnity company, and that payments have been made in accordance with the terms of the award prior to, and at all times subsequent to, the entry thereof; that it is provided in the California industrial insurance and safety act as follows:

"Sec. 30 (e) (1). If the employer shall be insured against liability for compensation with any insurance carrier, and if after the suffering of any injury such insurance carrier shall serve or cause to be served upon any person claiming. compensation against such employer a notice that it has assumed and agreed to pay the compensation, if any, for which the employer is liable, and shall file a copy of such notice with the commission, such employer shall thereupon be relieved from liability for compensation to such claimant and the insurance carrier shall, without notice, be substituted in place of the employer in any proceeding theretofore or thereafter instituted by such person to recover such compensation, and the employer shall be dismissed therefrom. Such proceedings shall not abate on account of such substitution, but shall be continued against such insurance carrier. If at the time of suffering any injury for which compensation is claimed, or may be claimed, the employer shall be insured against liability for the full amount of compensation payable, or that may become payable, the employer may serve or cause to be served upon any person claiming compensation on account of the suffering of such injury and upon the insurance carrier a notice that the insurance carrier has in its policy contract or otherwise, assumed and agreed to pay the compensation, if any, for which the employer is liable, and may file a copy of such notice with the commission. If it shall there-

after appear to the satisfaction of the commission that the insurance carrier has, through the issuance of its contract of insurance or otherwise, assumed such liability for compensation, such employer shall thereupon be relieved from liability for compensation to such claimant and the insurance carrier shall, after notice, be substituted in place of the employer in any proceeding theretofore or thereafter instituted by such person to recover such compensation, and the employer shall be dismissed therefrom. Such proceeding shall not abate on account of such substitution, but shall be continued against such insurance carrier." California Stat. (1917), p. 859.

By reason of the foregoing facts, appellant prayed that the complaint of respondent be dismissed, or that the Hartford Accident & Indemnity Company be made a party to the action. This affirmative defense was moved against by respondent, and his motion denied. Thereupon he filed a reply in which he admitted the sections of the compensation and insurance laws of California pleaded by appellant, and further pleaded the following provisions of the same laws:

"Claim Against Third Party.

"Sec. 26.   The term 'employee' as used in this section, shall include the person injured and any other person in whom a claim may arise by reason of the injury or death of such injured person. The death of the employee, or of any other person, shall not abate any right of action established by this section. The claim of an employee for compensation shall not affect the right of action for damages arising out of injury or death against any person other than the employer; and any employer having paid, or having become obligated to pay, compensation, may likewise bring an action against such other person to recover said damages. If either such employee or such employer, shall bring such action against such third person he shall forthwith notify the other in writing, by personal service or registered mail, of such fact, and the name of the court in which suit is brought, filing proof thereof in

such action, and, if the action be brought by either, the other may, at any time before trial on the facts, join as party plaintiff or must consolidate his action, if brought independently. If the suit be prosecuted by the employer alone, evidence of any expenditures which the employer has paid or become obligated to pay by reason of said injury or death shall be admissible, and such expenditures shall be deemed a part of the damages, including a reasonable attorneys fee to be fixed by the court; and, if in such suit the employer shall recover more than the amount he has paid or become obligated to pay as compensation he shall pay the excess to the injured employee or other person entitled. If the employee joins in or prosecutes such suit evidence of the amount of disability indemnity or death benefit paid by the employer shall not be admissible, but proof of all other expenditures on account of said injury or death shall be admissible and shall be deemed part of the damages. The court shall, on application, allow as a first lien against any judgment recovered by the employee the amount of the employer's expenditures for compensation. When any injury or death shall have been suffered by an employee, no release or settlement of any claim for damages by reason of such injury or death and no satisfaction of judgment in such proceedings, shall be valid without the written consent of either both employer and employee, or one of them, together with the consent of the commission or the court in which any such action be pending." California Stat. (1919), p. 920.

The reply further alleges that neither the Atlantic Produce Company nor the Hartford Accident & Indemnity Company have brought any action against the Yakima Meat Company under the provisions and authority of § 26 of the industrial insurance and safety laws of California, or at all, but that plaintiff, as administrator of the estate of Fred H. Hartje, commenced this action in this court on behalf of the widow of the deceased, against the Yakima Meat Company, by the service of summons and complaint herein upon

such defendant on October 19, 1922, and upon that day also served a copy thereof, together with the written notice of the bringing of this action, and the name of the court in which such action was brought, as required by § 26 of the industrial insurance and safety laws of California, upon the Hartford Accident & Indemnity Company, which notice, with proof of service thereof, has been filed herein, and that, if the laws of the state of California have any application to the facts or procedure in this case, plaintiff has fully complied therewith by the serving and filing of such notice.

Thereafter, upon permission of the court, the Hartford Accident & Indemnity Company filed a complaint in intervention in this action, in which it admitted the allegations and averments in the amended complaint of respondent, and adopted the same as its complaint. It also admitted the allegations of appellant's second affirmative defense, except the allegation that Fred H. Hartje was a resident of California, and admitted that it had incurred a liability and obligation as stated in the answer in the sum of $5,000; and further averred that, under the pleading, it was entitled to have a first and prior lien upon any recovery in the action on behalf of plaintiff against defendant to the extent and in the sum of $5,000, and prayed for judgment accordingly.

The intervention of the Hartford Accident and Indemnity Company was consented to by respondent. Upon the issues thus joined, a trial was had, and during the trial the following stipulation was admitted in evidence to be considered solely by the court and not by the jury:

"It is hereby stipulated by and between the plaintiff and defendant, by their respective attorneys, that the following are admitted facts for the purposes of this action:

"That at the time of the death of Fred H. Hartje he was employed by the Atlantic Produce Company, a corporation having its principal place of business in the city of San Francisco, California; That his employment was that of a potato buyer and that he was engaged in such employment at the time of his death. That said Atlantic Produce Company, a corporation, was an employer who under the terms of an act known as the workmen's compensation insurance and safety laws of the state of California carried industrial insurance for and on behalf of said Fred H. Hartje, its employee, and by and in accordance with said act it had before the time of said accident procured such insurance from the Hartford Accident & Indemnity Company, a corporation, and that after the death of said Fred H. Hartje, Alice M. Hartje, the widow of Fred H. Hartje, deceased, made claim for compensation under the provisions of the above entitled act, and took such steps as were necessary to procure from the industrial insurance commission therein instituted and provided for, an award thereby to her on account of the death of said Fred H. Hartje, deceased. That on the 27th day of September, 1922, an award was made by said Commission in the sum of Five Thousand Dollars ($5,-000.00) payable in weekly installments of twenty and 83-100 dollars ($20.83), without interest on deferred payments, from the Hartford Accident and Indemnity Company. That the Hartford Accident & Indemnity Company, a corporation, appeared in regular course in the proceedings upon the application of the said Alice M. Hartje, and said Commission under the provisions of said law had jurisdiction over said Alice M. Hartje, the Hartford Accident & Indemnity Company, a corporation, and that the award made by said Commission was accepted by said Alice M. Hartje and by said Hartford Accident & Indemnity Company in accordance with the terms of said award prior to and at all times since the entry thereof. That the Hartford Accident and Indemnity Company, a corporation, has notified the defendant herein in writing as follows:

" 'Re C-264509—Atlantic Produce Co.—Fred Hartje.
" 'As insurance carriers for the Atlantic Produce

Co., this company has become obligated to pay compensation to Alice M. Hartje by reason of the death of Fred H. Hartje, which occurred on June 8, 1922, while in the employ of the Atlantic Produce Company.

" 'Information received shows that the fatal injury to Mr. Hartje was caused by a Ford truck, owned by you and operated by Mr. Merle Cobb. We will look to you for reimbursement for the amount we are compelled to pay to Mrs. Hartje and will communicate with you again with reference to this matter as soon as the Industrial Accident Commission has made its award against us.

" 'By reason of the salary which Mr. Hartje was receiving at the time of his injury, the amount of the award which will be made will be $5,000. Under the compensation laws of the state of California an insurance carrier for an employer becomes subrogated to the first rights against any third party responsible for an injury and we would therefore suggest that you make no settlement of the claim of Mrs. Hartje without including this company in the negotiations. Yours very truly,

" (Signed)    C. J. Deasy,
"Claims Department.' "

It was also admitted during the trial that, after the commencement of the action, an attempt was made by appellant and attorneys for Mrs. Hartje to settle the matter, but a settlement could not be reached because attorneys for respondent refused to consider any settlement unless there was included the sum of $5,000 to be paid to the Hartford Accident & Indemnity Company.

In submitting the case to the jury the pleadings were not given to them, but the entire question relating to the insurance was withheld from the jury and reserved as a question of law for the court. The issues were submitted on an instruction by the court which entirely eliminated from their consideration any question relating to the complaint in intervention.

There was a verdict for $9,000 against appellant. Appellant moved for judgment n. o. v,, and in the alternative for a new trial. The motion for a new trial was not pressed in the lower court, and is not pressed here. The motion for judgment n. o. v. was argued upon but one legal ground:

"That the files and records in the case and the evidence introduced thereon, affirmatively show that the action was maintained by the respondent as administrator of the estate of Hartje, deceased, for the joint benefit of Mrs. Hartje, the widow of deceased, and the Hartford Accident & Indemnity Company, a corporation, as assignee of Mrs. Hartje, contrary to the laws and statutes in such cases."

The trial court overruled the motion for judgment n. o. v., and granted judgment in favor of respondent on the verdict, and awarded a lien thereon against the interest of Mrs. Hartje to the extent and in the sum which the Hartford Accident & Indemnity Company shall have paid Mrs. Hartje under and by virtue of the agreement of Mrs. Hartje and the Workmen's Compensation and Safety Laws of the state of California at the time this judgment shall be paid to wit: the sum of $20.83 a week from June 22, 1922, for the number of weeks the indemnity company shall pay Mrs. Hartje.

The sole error claimed by appellant is in overruling its motion for judgment n. o. v. The sole question to be considered is whether, under the laws of the state, respondent, as administrator, has the right to institute and press to judgment an action, according to appellant, "for the joint benefit of the beneficiary and the accident insurance company which claims subrogation to the rights of the beneficiary as to part of the judgment recovered."

Appellant accordingly sums up its contentions as follows:

(1) Assuming that the death of Hartje was due to the wrongful act of appellant, his death gives rise to a cause of action created and defined by statute.

(2) This cause of action is vested in Alice M. Hartje, the widow.

(3) Being a creature of the statute, it is enforcible by the widow only in the manner specified by the statute, namely, by an action in which the administrator is the nominal party plaintiff.

(4) This cause of action exists only in favor of the person described by statute, namely, the widow, and may be enforced by the administrator only at the instance and with the consent of the widow, on her behalf and for her benefit.

(5) As a matter of fact, and as indisputably proven by the testimony in the case, the respondent is seeking to enforce the action in this case, not for the widow, solely, but jointly for her benefit and the benefit of the indemnity company.

(6) That the judgment which Mrs. Hartje and the indemnity company seek to have entered herein is one which will make provision whereby the indemnity company shall be assured of receiving the greater portion of the sums which appellant is required to pay.

(7) That the law defining the classes benefited also limits the liability of the appellant by limiting the persons to whom it can be required to respond in damages.

(8) From these premises, appellant draws the conclusion that, inasmuch as this action was not prosecuted for the widow alone, and inasmuch as the judgment entered will require the appellant to contribute to some person other than the widow, the judgment is without warrant of law.

Appellant relies on the statute, §§ 183 and 183-1, Rem. Comp. Stat. [P. C. §§ 8259, 8260], which reads:

"When the death of a person is caused by the wrongful act, neglect or default of another his personal representative may maintain an action for damages against the person causing the death; and although the death shall have been caused under such circumstances as amount, in law, to a felony." Rem. Comp. Stat., § 183.

"Every such action shall be for the benefit of the wife, husband, child or children of the person whose death shall have been so caused. If there be no wife or husband or child or children, such action may be maintained for the benefit of the parents sisters or minor brothers, who may be dependent upon the deceased person for support, and who are resident within the United States at the time of his death. In every such action the jury may give such damages as, under all circumstances of the case, may to them seem just." Rem. Comp. Stat., § 183-1.

The industry and ability of counsel have brought before us a wealth of authority, precedents and very interesting legal learning which we have examined and considered, but the necessity for judicial brevity prohibits an elaborate discussion of all the points and authorities.

Appellant seems to confuse the right of action with the benefits of the action. One of its major premises enumerated in the foregoing contentions, the second, is that the cause of action is vested in the widow. This is error to begin with. The cause of action is not vested in the widow, but in the person representative of the deceased, although it is for the benefit of the widow, *Howe v. Whitman County*, 120 Wash. 247, 206 Pac. 968.

The insurance contract under which the widow of decedent was awarded benefits, according to the laws of California, was required by such laws and made the laws of California relating thereto a part of the con-

tract. Section 26 of the laws of California, which is part of that contract, provides that ''the court shall, on application, allow as a first lien against any judgment recovered by the employee, the amount of the employer's expenditures for compensation.''

The trial court merely enforced that provision of the contract. It is unquestioned law that, where one carries an accident policy and receives an injury from a third person, the personal accident insurance he carries has nothing to do with his recovery from the wrongdoer. He, or his representatives or beneficiaries, may recover both upon the policy of insurance and compensation from the wrongdoer. The same is true, in law, of fire insurance. What Mrs. Hartje was awarded and accepted under the accident policy was the insurance provided in that policy and regulated by the laws of California, and in no wise constituted any bar to her recovery of compensation for the injuries caused by the wrongdoer.

Section 30 of the act of California, pleaded and relied upon by appellant, therefore, has nothing to do with the action here. Neither is there any merit in the contention that the employer or the insurance company might seek to recover for the sums paid by it, from the wrongdoer, regardless of whether the statutory survivors exist. None but the personal representative of a decedent suing on behalf of the spouse or next to kin surviving can have any right of action, and but one recovery can be had.

Appellant stoutly contends that, since the cause of action arose in this state, and the domicile of the wrongdoer is in this state, and the statute requires actions in such a case to be brought by the administrator of the decedent, the law of this state, or *lex fori*, must control, and that the *lex fori* governs the nature, extent

and character of remedies; citing authorities; and furthermore, that the law defining the classes benefited also limits the liability of the wrongdoer by limiting the persons to whom it can be required to respond in damages.

Of course the *lex fori* determines who shall be proper parties to the suit, the mode of procedure, and the execution of the judgment. These matters are regulated wholly and exclusively by the law of the place where the action is instituted. Story's Conflict of Remedies, §§ 242, 263, 556 and 558. The law of the forum does not, however, prevent the enforcement of a contract between parties interested in the cause of action, made pursuant to the law of another state, unless prohibited under the law of the forum; and the contract in this case provided that the insurance company should have a lien for all sums of money expended by it on the policy on any judgment that might be recovered against the wrongdoer. That provision is not prohibited by any law of this state, is enforcible and is as much a part of the law of this state, since it is a part of the contract, as any other phase of the law.

Construing § 26 of the workmen's compensation act of California, the court of appeals in *Van Zandt v. Sweet*, 56 Cal. App. 164, 204 Pac. 860, said:

"Without doubt, plaintiff, under the workmen's compensation law in force at the time of the accident —the act of 1917, as amended by the act of 1919—had a right of action against this defendant for damages arising out of his injuries, notwithstanding the right of compensation from his employer's insurance carrier. Such right of action is expressly recognized by section 26 of the act, which, so far as it is applicable to this particular point, reads: 'The claim of an employee for compensation . . . shall not affect his right of action for damages arising out of

injury . . . against any person other than the employer.' "

It was held that the injured employee has a right of action under the act against a third party causing the injury, although he has received compensation from his employer's insurance carrier.

The construction of the workmen's compensation law by the courts of last resort of California also is a part of the law of the contract, and therefore a part of the contract.

Nor is the granting of the lien provided for by § 26 of the California Code an assignment *pro tanto* of the compensation paid by the insurance carrier. It is no more so than the allowance of a lien to the attorneys who might prosecute the claim on behalf of the beneficiary against any judgment that might be awarded in her favor. Nor does it amount to a joinder of the insurance carrier with the beneficiary in recovering judgment. *Anderson v. Miller Scrap Iron Co.*, 176 Wis. 521, 182 N. W. 852; *Rorvik v. Northern Pac. Lum. Co.*, 99 Ore. 58, 195 Pac. 163.

Furthermore, it seems to us appellant is not concerned as to whom the proceeds of the judgment go, and a satisfaction of the judgment in this case will certainly bar any further action for damages for the wrongful death, by anybody against it. *Rorvik v. Northern Pac. Lum. Co., supra.*

After a painstaking consideration of all the questions involved we are satisfied that the judgment of the trial court is right, and it is affirmed.

Main, C. J., Mackintosh, and Mitchell, JJ., concur.