[Civ. No. 18139.   Second Dist., Div. Two.   July 2, 1951.]

MIKE ROJAS, Appellant, v. SOUTHERN CALIFORNIA EDISON COMPANY (a Corporation), Respondent.

Alexander Ruiz for Appellant.

Bruce Renwick, Rollin E. Woodbury, John J. McCue, Sheridan, Orr, Bates & Barnes and Albert D. Barnes for Respondent.

WILSON, J.—Plaintiff has appealed from a judgment in favor of defendant following the granting of a motion for a nonsuit.   Inasmuch as the evidence is clear and uncontradicted that plaintiff was guilty of contributory negligence and no negligence can be attributed to defendant, the judgment must be affirmed.

Since 1922 defendant has maintained an electric power line across a walnut orchard owned by one Everett, near Moorpark, in Ventura County.   The transmission line was

energized with approximately 16,000 volts. The walnut trees are approximately 40 years old, some of them being directly under the transmission line. Plaintiff was employed by Everett during the walnut picking season; he was directed to use an aluminum shaker over 33 feet in length, with a hook on the upper end for the purpose of shaking limbs and causing the nuts to fall to the ground. Plaintiff was unable to read or speak English and therefore could not read the signs ''High Voltage'' on the poles supporting the electric wires; however, Everett warned him of the danger and told him not to allow the shaker to touch the wires. That plaintiff understood the danger is manifest from his evidence; he testified that Everett showed him the power line and ''warned me to be careful of the wires.'' He further testified as follows:

''Q. When you went to work on the Ernest Everett ranch did Mr. Eldon Everett tell you to be very careful about working around those wires? A. Yes.

''Q. Did he tell you that the least little touch would probably kill you? A. No, he didn't use those words, but he told the danger, and then I thought for myself it was a danger.

''Q. You knew that if you brought the metal shaker you had in contact with those wires that were over the Ernest Everett ranch, that you might be seriously injured, didn't you, Mr. Rojas? A. Yes; that is why I didn't get too close. . . .

''Q. All right, when you picked up this long shaker, how was it lying? A. The shaker was lying in an easterly direction, and I raised it toward the top of the tree.

''Q. Now, did you see the wires above you? A. Yes, I did.

''Q. Did you see those wires before you picked up the shaker? A. Yes. . . .

''Q. Did you intend to touch the wire? A. No, No, I didn't want to die.''

When plaintiff lifted the shaker toward the top of the tree it touched the wire and plaintiff was severely burned. The shaker was found hooked over the wire immediately after the accident.

Where a person is warned to keep away from a high voltage wire and not to touch it and is fully informed of the danger of so doing he is guilty of contributory negligence as a matter of law if he voluntarily contacts the wire. (*Shade* v. *Bay Counties Power Co.,* 152 Cal. 10, 13 [92 P. 62]; *Ergo* v. *Merced Falls G. & E. Co.,* 161 Cal. 334, 338-9 [119 P. 101, 41 L.R.A.N.S. 79]; *Andrews* v. *Valley Ice Co.,* 167 Cal. 11, 20

[138 P. 699] ; *Stackpole* v. *Pacific G. & E. Co.*, 181 Cal. 700, 705 [186 P. 354].)

The record does not disclose evidence of negligence on the part of defendant. It had maintained its wires in the same location and in the same condition for 26 years before the date of the accident. Defendant had nothing to do with the gathering of the walnuts or with the employment of plaintiff. There is no evidence that defendant was guilty of any negligence in the construction or maintenance of the power line or that it was maintained in violation of any statute or of any order of the Public Utilities Commission and there is no evidence from which it can be inferred that defendant might reasonably have anticipated that plaintiff would place a metal shaker over 33 feet in length in contact with the transmission wire.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.