212     593|
 35 SC '315|

# Miller v. Lewistown Electric Light, Heat & Power Company, Appellant.

*Negligence—Electric light company—Proximate cause—Contributory negligence.*

In an action to recover damages for personal injuries it appeared that the defendant suspended an arc light in a borough at the intersection of several streets. On the evening of the accident, one, of the defendant's employees lowered the lamp to repair it, and left it in this position under the charge of a boy while he went to secure a file. In his absence a one-horse sleigh was driven at a rapid pace around the corner. Plaintiff's testimony tended to show that the horse struck the wires of the lamp, and that the wires in turn struck him and injured him. When the accident occurred plaintiff was attempting to cross the street at a point other than the regular crossing. *Held,* that the case was for the jury, and that a judgment and verdict for plaintiff should be sustained.

A pedestrian is not necessarily negligent if he leaves a sidewalk and crosses the street at other than the regular crossings. In so doing he may encounter risks that he would not on the sidewalk, but unless they are manifest it is for the jury, not the court, to say that his act was negligent.

Argued May 22, 1905.   Appeal, No. 297, Jan. T., 1903, by defendant, from judgment of C. P. Mifflin Co., Aug. T., 1902, No. 141, on verdict for plaintiff in case of Henry W. Miller to use of Sarah J. Miller, Administratrix, v. Lewistown Electric Light, Heat & Power Company.  Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ.   Affirmed.

Trespass to recover damages for personal injuries.

At the trial it appeared that on the evening of February 28, 1903, Henry W. Miller was seriously injured by contact with electric light wires belonging to the defendant company. At a point in the borough of Lewistown where several streets intersected the defendant maintained an arc light which on the evening in question had been lowered for repairs. An employee of the company after lowering the light left it in charge of a boy while he went to secure a file. During his absence a one-horse sleigh dashed around a corner and struck the wires attached to the lamp. The testimony tended to show that Miller, while attempting to cross one of the streets at a point other than the regular crossing, was struck by the wires and

sustained injuries from which he died after the present suit was instituted.

Defendant presented the following points :

4. If the jury believe that it is the custom to lower arc lamps at night on public highways for the purpose of making them operate, and that in this case the lamp when lowered was left in charge of the boy to notify the public of possible danger in the short and necessary absence of defendant's employee, then their verdict must be for the defendant. *Answer :* This point is denied. The question as to whether leaving the light in charge of the boy was negligence or not is for you to determine and not for the court ; and an electric light company could not have a custom, unless the custom had been established by many long years, so as to become universal and known by all persons, to negligently lower lights at night. [1]

6. From all the evidence in the case the verdict must be for the defendant. *Answer :* This point is denied. It is for you to say what your verdict will be, not for the court. [2]

Verdict and judgment for plaintiff for $4,500. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

A. Reed Hayes, for appellant.

W. W. Uttley, of T. M. Uttley & Son, for appellee.

Per Curiam, June 22, 1905 :

Whether the defendant's conduct in lowering the lamp or leaving it in charge of a boy while the wires were down was negligent, was a question for the jury. There could be no custom of the defendant which would excuse it for exposing the public to what the jury should find was unnecessary danger.

The question of proximate cause was also for the jury. The fact that the horse was going at a rapid pace was not so unprecedented that the jury might not fairly find that the defendant was bound to anticipate and look out for it, and that the chain of events was continuous up to the injury to plaintiff.

As to the plaintiff's alleged contributory negligence, a pe-

destrian is not necessarily negligent if he leaves the sidewalk and crosses the street at other than the regular crossings. In so doing he may encounter risks that he would not on the sidewalk, but unless they are manifest it is for the jury not the court to say that his act was negligent.

Judgment affirmed.