[Civ. No. 2489. First Appellate District, Division One.—January 17, 1919.]

## MASSACHUSETTS BONDING AND INSURANCE COMPANY, Respondent, v. SAN FRANCISCO–OAKLAND TERMINAL RAILWAYS, Appellant.

WORKMEN'S COMPENSATION ACT—ASSIGNMENT OF CLAIM BY EMPLOYEE.—Section 31 of the Workmen's Compensation Act of 1913, read in connection with subdivision "f" of section 34 of the same act, was intended to permit an assignment, not heretofore sanctioned by law, of an injured person's right of action against a tort-feasor, and to provide that the making by an injured employee of a lawful claim for compensation under the terms of the act against his employer and the latter's insurer, should operate as a transfer of the legal title to his claim for damages against his tort-feasor to his employer, or to the latter's insurer, paying such claim.

ID.—PAYMENT OF CLAIM BY INSURER—SUBROGATION—RIGHT OF ACTION OF INSURER AGAINST TORT-FEASOR.—The use of the word "subrogated" in subdivision "f" of section 34 of the Workmen's Compensation Act did not render the right of action, acquired thereunder by the insurer, an equitable cause of action as against the tort-feasor, the right accruing to the insurer being that of maintaining as the assignee of the injured employee the same action which the latter could have maintained against the tort-feasor had no such assignment been made.

ID.—JURISDICTION DEPENDENT ON AMOUNT OF CLAIM—CLAIM FOR ATTORNEY'S FEES.—In such case, had the insurer's claim been less than three hundred dollars he must have commenced his action in the justice's court, and he could not have conferred jurisdiction on the superior court by including in his claim for damages amounting to less than three hundred dollars, a demand for an attorney's fee augmenting his claim to an amount in excess of three hundred dollars.

ID.—PLEADINGS — DEMURRER TO COMPLAINT.—The insurer's assigned right of action against the tort-feasor, in such case, to recover the sum of $212.82 upon a claim which had its origin in the damages which its assignor, the injured employee, was entitled to recover by reason of his injuries, suffered through the tort-feasor's negligence, was strictly a legal action for damages in a suit less than three hundred dollars, over which the superior court had no original jurisdiction, although the plaintiff's complaint was denominated a "complaint in equity," and in it the plaintiff averred that the tort-feasor in settling with the injured employee did so with knowledge that the latter had a lawful claim against his employer and the em-

ployer's insurer presentable before the Industrial Accident Commission, and that the intent of the tort-feasor in making such settlement was to destroy any right which the insurer might have to commence and prosecute its action against the tort-feasor pursuant to the provisions of the Workmen's Compensation Act; and the defendant's demurrer to such complaint for want of jurisdiction in the superior court should have been sustained.

APPEAL from a judgment of the Superior Court of Alameda County. J. J. Trabucco, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

W. H. Smith and A. L. Whittle for Appellant.

John Ralph Wilson for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of plaintiff for the sum of $212.82 and costs of suit. The facts of the case, so far as pertinent to the determination of the main question presented upon this appeal, are these: On October 1, 1914, one Manuel Silva was an employee of one A. H. Kopperud, and was engaged in work for his employer on Fourteenth Avenue in the city of Oakland, when a streetcar, operated by or for the defendant, coming along said Fourteenth Avenue came in contact with an auto truck which was standing near where said Silva was at work, and caused said auto truck to strike the latter and severely injure him. At the time of said injury Silva's employer, Kopperud, was carrying insurance for his employee pursuant to the provisions of the Workmen's Compensation Act of 1913, the plaintiff herein being his insurer. Immediately after said injury the plaintiff caused said Silva to be removed to a hospital and there provided with medical and surgical treatment and medicines, amounting in all to the sum of $212.82. Thereafter, and on the sixteenth day of January, 1915, Silva undertook to make a settlement of his claim for damages for its alleged negligent acts and his consequent injuries with the defendant herein, in the course of which the defendant paid to him the sum of three hundred dollars, receiving therefor from said Silva a full receipt and discharge of all claims and demands on account of said injury. Thereafter said Silva filed

an application for an award against his employer, Kopperud, and the latter's insurer, said plaintiff, before the Industrial Accident Commission, which came on for decision in the month of July, 1915. From the decision of the commissioner then rendered it appears that a showing was made as to the acceptance by said Silva of the sum of three hundred dollars from the defendant herein, and of the execution by him of the receipt purporting to be a full release of said defendant from all liability on account of his said injury. The commission thereupon made an award in favor of said applicant in the sum of $103.07, which the plaintiff herein paid, and which, with certain sums which it had already expended for medicines, etc., made up the aggregate of $212.82, for which it brings this action.

The complaint herein is denominated a complaint in equity, and in it the plaintiff avers substantially the foregoing facts, and further avers that the defendant herein, in making the aforesaid settlement with said Silva, did so with knowledge that said Silva had a lawful claim for compensation against his employer and the latter's insurer which was presentable before the Industrial Accident Commission, and that the intent of the defendant in making such settlement and in taking said full receipt and release thereon was to destroy any right which the plaintiff, as the insurance carrier of said Silva's employer, had or might have to commence and prosecute this action against said defendant, pursuant to the provisions of the Workmen's Compensation Act. The plaintiff also included in its complaint a demand for the sum of one hundred dollars as attorney's fees.

The defendant appeared in this action and demurred upon the ground of a want of jurisdiction in the superior court over the subject matter of the action, and this demurrer being overruled it answered, again urging the objection as to the court's want of jurisdiction. It also pleaded the making of the settlement with Silva, above referred to, and set forth in its answer the receipt in terms.

The trial court gave judgment for the plaintiff for the amount claimed in accordance with the award of the Industrial Accident Commission, but denied the plaintiff's right to recover any sum as attorneys' fees.

The first and main question raised by appellant on this appeal is that of the jurisdiction of the trial court over the

subject matter of this action. The appellant contends that the plaintiff's claim, if it exists at all, is for the total sum of $212.82, and that its cause of action therefor is purely a legal as distinguished from an equitable claim, and hence that its action should have been commenced in the justice's court. The determination of this question depends upon the construction to be placed upon section 31 of the Workmen's Compensation Act of 1913. [Stats. 1913, p. 279.] That section reads as follows:

"The making of a lawful claim against an employer for compensation under this act for the injury or death of his employee shall operate as an assignment to the employer of any right to recover damages which the injured employee, or his personal representative, or other person, may have against any other party for such injury or death, and such employer shall be subrogated to any such right and may enforce in his own name the legal liability of such other party. The amount of compensation paid by the employer, or the amount of compensation to which the injured employee or his dependents is entitled, shall not be admissible as evidence in any action brought to recover damages, but any amount collected by the employer, under the provisions of this section, in excess of the amount paid by the employer, or for which he is liable, shall be held by him for the benefit of the injured employee or other person entitled."

The foregoing section is, in respect to its application to the instant case, to be read in connection with subdivision "f" of section 34 of the same act, which reads as follows:

"Where any employer is insured against liability for compensation with any insurance carrier and such insurance carrier shall have paid any compensation for which the employer was liable, or shall have assumed the liability of the employer therefor, it shall be subrogated to all the rights and duties of the employer and may enforce any such rights in its own name."

A proper construction of these provisions of the Workmen's Compensation Act in our judgment is that they were intended to permit what has not heretofore been sanctioned by law, viz., an assignment of an injured person's right of action against his tort-feasor, and to provide that the making by him of a lawful claim for compensation under the terms of the Workmen's Compensation Act against his employer, and the latter's

insurer, should operate as a transfer of the legal title to his claim for damages against his said tort-feasor to his employer, or to the latter's insurer, paying such claim. This has in effect been so held by this court in the recent case of *Bassot* v. *United Railroads, ante,* p. 60, [177 Pac. 884].

The respondent insists, however, that the use of the word "subrogated" in the foregoing provisions of the Workmen's Compensation Act rendered the right of action acquired by the plaintiff thereunder an equitable cause of action as against the defendant herein. We do not agree with this contention, for while it is true that as between the plaintiff and Silva the right of subrogation would be an equitable right arising out of the payment by the former of the latter's claim for damages, still when such payment had been made, and the assignment of Silva's cause of action against the defendant herein consummated by such subrogation, the right thus accrued in the plaintiff was that of maintaining, as the assignee of Silva, the same action which Silva could have maintained against this defendant had no such assignment been made.

If we are correct in these views then it follows necessarily that the plaintiff in this action, having paid the amount of the lawful claim of Silva against his employer, Kopperud, as the latter's insurer, became thereby invested with Silva's right of action for damages against the defendant in this action. Such right of action, if any, existing in Silva was essentially a legal and not an equitable action; and had the same been commenced by him to recover an amount less than three hundred dollars it must have been commenced in the justice's court; and it may here be said that had Silva commenced his said action in the superior court he could not have conferred jurisdiction upon that tribunal by including in his claim for damages, amounting to less than three hundred dollars, a demand for an attorney's fee, augmenting his claim to an amount in excess of said sum; and it need hardly be added that the plaintiff herein, assuming its right of action to be nothing more nor less than Silva's assigned right of action, could not give the superior court jurisdiction over it by asserting a claim for the recovery of attorney's fees which are not allowable by law in such actions.

The respondent, however, insists that it has given this action the nature and qualities of an action in equity by the averments in its complaint to the effect that the defendant, in

making its settlement with Silva, and taking his full release knowing that Silva had or had made a lawful claim for compensation against his employer, had done so with the intent and purpose of destroying or attempting to destroy any right which this plaintiff, as the insurer of Silva's employer, might have to a further recovery against the defendant in the event of its payment of such lawful claim pursuant to the provisions of the Workmen's Compensation Act. We are unable, however, to perceive that the legal status of the plaintiff's right of action is in any wise changed by this averment. If at the time of the defendant's alleged settlement with Silva he had a lawful claim against his employer arising out of his injury, the making of such claim had operated, under the foregoing clauses of the Workmen's Compensation Act, to transfer to his employer or the latter's insurer, Silva's right of action for damages against the defendant as fully as though he executed a written assignment of his cause of action. This being so, no settlement which the defendant made with Silva could have been effectual to destroy or impair the already transferred right of action in the employer or insurer, no matter what the defendant's intent or purpose might have been in any settlement which it might thereafter make with Silva; and hence the averment of such intent or purpose would be immaterial as affecting the nature of the plaintiff's right of action.

If, on the other hand, the said Silva did not have or had not made a lawful claim against his employer or the latter's insurer at or prior to the time of his said settlement with the defendant, then his said settlement and receipt and release in full of all his claims for damages would have been effectual to destroy any subsequently assigned right of action; and in such event the plaintiff's averment of the defendant's intent and purpose as to that effect would be equally immaterial to its asserted cause of action.

Our conclusion from the foregoing views is that the plaintiff's assigned right of action against the defendant to recover the sum of $212.82 upon a claim which had its origin in the damages which its assignor Silva was entitled to recover by reason of his injuries suffered through the defendant's negligence, was strictly a legal action for damages in a sum less than three hundred dollars, over which the superior court had no original jurisdiction, and hence that the defendant's demurrer on that ground should have been sustained.

This view of the case renders immaterial the other points discussed upon this appeal.

The judgment is reversed with direction to the trial court to enter an order dismissing the action.

Waste, P. J., and Kerrigan J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 13, 1919.

Angellotti, C. J., Shaw, J., Lawlor, J., Wilbur, J., Lennon, J., and Olney J., concurred.