## Mayhugh to use *v.* Somerset Telephone Co., Appellant.

*Negligence — Telephone company — Charged wire — Contributory negligence—Pedestrians—Anticipating danger—Case for jury.*

1. In an action against a telephone company to recover damages for injuries alleged to have been caused by a charged wire

dangling five or six feet above the surface of a street the questions of the defendant's negligence and plaintiff's contributory negligence are for the jury, where the evidence tends to show that plaintiff on the day of the accident diagonally crossed the street where the wire was dangling, instead of going directly over at a crossing and then along a sidewalk; that as he crossed he had his head down, and did not see the wire, although two of his witnesses saw it shortly before; that as he crossed he suddenly became unconscious; and that he was found in this condition, with the hanging wire running through his left hand, and with smoke coming through his hat.

2. In such a case the plaintiff was not bound to look up, nor to anticipate danger from a wire sagging in front of him. The rule requiring pedestrians to look out for defects in streets, did not apply to him, as the defect was not manifest.

Argued September 30, 1919. Appeal, No. 85, Oct. T., 1919, by defendant, from judgment of C. P. Somerset Co., Dec. T., 1917, No. 111, on verdict for plaintiff in case of Benjamin H. Mayhugh to use of State Workmen's Insurance Fund v. Somerset Telephone Company. Before BROWN, C. J., STEWART, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BALDWIN, P. J., specially presiding.

Verdict and judgment for plaintiff for $4,812. Defendant appealed.

*Error assigned* was refusal of binding instructions for defendant.

*Joseph Levy,* with him *Fred W. Biesecker,* for appellant.—Mayhugh was guilty of contributory negligence: Mattimore v. Erie City, 144 Pa. 14; Bean v. Philadelphia, 260 Pa. 278; Dickson v. Hollister, 123 Pa. 421; Robb v. Connellsville Boro., 137 Pa. 42; Lumis v. Phila. Traction Co., 181 Pa. 268.; Kleckner v. Cent. R. R. Co. of N. J., 258 Pa. 461; Easton v. Phila., 26 Pa. Superior Ct. 517; Martin v. Williamsport, 208 Pa. 590; Stack-

house v. Vendig, 166 Pa. 582; Miller v. Lewistown Electric Light, H. & P. Co., 212 Pa. 593; McIlhenney v. Phila., 214 Pa. 44.

The question of contributory negligence was for the court: Davidson v. Lake Shore, etc., Ry. Co., 171 Pa. 522; Wolf v. Phila. Rapid Transit Co., 252 Pa. 448.

The cause of the accident is pure speculation: Waters v. Wing, 59 Pa. 211; Alexander v. Penna. Water Co., 201 Pa. 252; Haertel v. Penna. L. & P. Co., 219 Pa. 640; Reese v. Clark, 146 Pa. 465; Cavanaugh v. Allegheny County Light Co., 226 Pa. 86; Kahn v. Kittanning E. L. Co., 238 Pa. 70; Stringert v. Ross Twp., 179 Pa. 614; Rotsell v. Warren Borough, 10 Pa. Superior Ct. 283.

*Norman T. Boose,* for appellee.—The appellee was not guilty of contributory negligence: Weaver v. Telephone Co., 22 L. R. A. (N. S.) 1189; Lloyd v. City Suburban R. R. Co., 110 Ga. 165; Miller v. Lewistown Electric L., H. & P. Co., 212 Pa. 593.

The question of contributory negligence was for the jury: Merriman v. Phillipsburg Borough, 158 Pa. 78; Devlin v. Beacon Light Co., 192 Pa. 188; Faulk v. Duquesne Light Co., 259 Pa. 389; Breunninger v. Penna. R. R. Co., 9 Pa. Superior Ct. 461.

Whenever there is a conflict of testimony, or, for any cause, there is a reasonable doubt as to the facts, or as to the inferences to be drawn from them, negligence is always a question for the jury: Howett v. Phila., Wil. & Balt. R. R., 166 Pa. 607; Devlin v. Beacon Light Co., 198 Pa. 583; Lehner v. Pittsburgh Rys. Co., 223 Pa. 208.

OPINION BY MR. CHIEF JUSTICE BROWN, January 5, 1920:

Bridge street, running north and south, in the Borough of Rockwood, crosses Water street at right angles. On the east side of the first named street the Somerset

Telephone Company erected its poles and strung its wires, and the Rockwood Electric Light Company had its poles on the north side of the second street, with its wires lower than those of the telephone company. On the night of April 23, 1917, a dead wire of the telephone company became detached from the cross-arm to which it had been fastened, and, lodging on a highly charged wire of the electric company, dangled five or six feet above the surface of the street. Alleging that he was injured by coming in contact with the hanging wire, charged with a current from the wire of the electric light company, the appellee brought this action in the court below, and from the judgment which he recovered the telephone company has appealed.

That the falling of the wire was due to the defendant's negligence in failing to fasten it properly to the cross-arm does not seem to be questioned. The jury were instructed that there was sufficient evidence, if believed, that the defendant had been negligent in that respect, and it has not assigned this instruction as error. The two questions for our consideration on its appeal are: (1) Was there any evidence showing how the accident occurred? and (2) Was the contributory negligence of the plaintiff for the court?

The plaintiff testified that on the morning of April 24, 1917, he left the plant of his employer, the Rockwood Electric Light Company, for the purpose of procuring needed materials, and that when he crossed over from the southwest corner of Bridge and Water streets to the east side of Bridge street he suddenly became unconscious. Harry Growall found him in this condition, lying on his back, with the hanging wire running through his left hand. Another witness who went to his rescue found him in the same condition, with smoke coming through his hat. Growall stated that earlier in the morning he saw the wire dangling from the wire of the electric company, on which it had fallen. That

the injuries which were sustained by the plaintiff were due to his coming in contact with the dangling, sagging wire was the only rational conclusion to be reached by the jury on the testimony submitted to them.

Was the plaintiff guilty of contributory negligence, and should the court below have so ruled for the reasons urged by counsel for appellant? That he crossed over from Water to Bridge street diagonally, instead of going directly across the latter street, and then crossing over Water and going up the sidewalk, was not necessarily contributory negligence, even if the suspended wire was outside the sidewalk and he could have avoided it if he had crossed directly over Bridge street and gone up the sidewalk. His right as a pedestrian was to cross the street at any point, even if in so doing he might encounter risks that were not on the sidewalk; but unless they were manifest, it was for the jury, and not the court, to say that he was negligent: Miller v. Lewistown Electric Light, Heat and Power Company, 212 Pa. 593. And he was not bound to anticipate that the defendant would negligently permit one of its wires to become dangerously charged with an electric current and hang over the street.

It remains only to determine whether the plaintiff should have seen and avoided the wire. Two of his witnesses testified that they had seen it shortly before, and in view of this it is earnestly insisted the trial judge should have held that the plaintiff should have seen it and avoided it. If the witnesses saw it, it was their duty to pass around it; but what the plaintiff did not see, and what, from the testimony, it can be fairly inferred he was not bound to see, he was not bound to avoid. According to the testimony of the two witnesses referred to, they saw the wire suspended five or six feet above the surface of the street. The plaintiff, who was about six feet tall, stated that when he passed up the street he did not see it. His testimony as to this is as follows: "Q. If it had been but five or six feet above

the ground it would have been right before your face, wouldn't it, as you walked along there? A. If I would have seen it, I couldn't say, I couldn't tell where it was. Q. If it had been five or six feet above the ground and you were walking towards it, why didn't you see it? A. It was drizzling rain that morning and I had my head down maybe, I don't know; I didn't see any wire at all; I wasn't looking for any. Q. But if it had been five or six feet above the ground and you had been looking straight ahead, you would have seen it wouldn't you? A. Well, I don't know; I didn't see the wire at all; I don't know how high it was." A fair inference to be drawn from the foregoing is that, even if it was the duty of the appellee to look up as he passed along the street, he might not have seen the wire, in view of the condition of the weather; but he was not required to look up. He was under no duty to anticipate unusual danger from an electric wire sagging in front of him five or six feet above the surface of the street. It is not expected or required of a traveler over a highway to look up to see if perchance a stray wire may be dangling ahead of and above him: Jacks v. Reeves, 78 Ark. 426. If the appellee had been injured by a defect in the street itself, or had encountered danger there which he must have seen if he had been looking where he was going, a well settled different rule would of course apply.

The assignments of error are overruled and the judgment is affirmed.