The Trumbull Cliffs Furnace Co. *v.* Shackovsky.

(Decided September 24, 1923.)

*Mr. J. R. Kistner,* for plaintiff in error.
*Mr. J. H. C. Lyon* and *Mr. C. J. Wall,* for defendant in error.

Vickery, P. J.  We gather, from the record, that the Trumbull Cliffs Furnace Company, plaintiff in

error, was a corporation, and employed more than five workmen, and had complied with the requirements of the Workmen's Compensation Law of Ohio, by either paying into the fund, or carrying its own insurance, as permitted by the law. We believe that it had paid into the insurance fund, as provided for by law in Ohio.

We learn that the Truscon Steel Company was likewise a corporation which employed more than five workmen, and it too had complied with the Workmen's Compensation Law by paying into the fund.

It seems that the Trumbull Cliffs Furnace Company had a general contract, and part of the work, to wit, that of erecting steel on a building which was being erected by the Trumbull Cliffs Furnace Company, was let out to a subcontractor, the Truscon Steel Company, and that Joseph Shackovsky, the defendant in error, was an employee working by virtue of a contract with the Truscon Steel Company, who, while thus employed by the Truscon Steel Company, and while working for it, received very serious permanent injuries, rendering him a cripple for life, by reason of being crushed by an overhead traveling electric crane, owned, maintained, and negligently operated by plaintiff in error; that is by the Trumbull Cliffs Furnace Company, the principal contractor.

The record shows that defendant in error received compensation from the Truscon Steel Company — that is, from the compensation fund which had been contributed to by the Truscon Steel Company — after which he brought his action to recover damages by reason of the negligent act of the Trumbull

Cliffs Furnace Company, and, upon trial of the case, recovered a judgment for $10,000, to reverse which judgment this error proceeding is prosecuted here.

We have listened to a very lengthy and somewhat involved argument of the plaintiff in error's counsel, and he seems to predicate his right to reverse this judgment entirely upon his interpretation of paragraph 3 of Section 1465-61, General Code of Ohio. That paragraph reads:

"Every person in the service of any independent contractor * * * who has failed to pay into the state insurance fund the amount of premium determined and fixed by the Industrial Commission of Ohio for his employment or occupation, or to elect to pay compensation direct to his injured and to the dependents of his killed employees, as provided in Section 1465-69, General Code, shall be considered as the employee of the person who has entered into a contract, whether written or verbal, with such independent contractor unless such employees, or their legal representatives or beneficiaries elect, after injury or death, to regard such independent contractor as the employer."

Just how the plaintiff in error can extract any hope from this statute, it is quite difficult to understand. The defendant in error was working for the independent or subcontractor, and the subcontractor had complied with the compensation law by paying the premiums into the fund, and while so working the defendant in error was injured, without any negligence apparently upon the part of his immediate employer, the independent contractor, but, of course, under the law, he was entitled to compensation, and made application for it and received the same. He

then brought this action against the Trumbull Cliffs Furnace Company, the general contractor, and this statute is cited to us to show that the general contractor was the employer of the defendant in error.

It seems to us that the language of this statute is so plain that there cannot be any two constructions applied to it, and the only reasonable construction that one can put upon it is that, inasmuch as the Truscon Steel Company, the subcontractor, had complied with the requirements of the compensation law, and had paid into the fund, then necessarily, from the very wording of the statute, the Trumbull Cliffs Furnace Company was not the injured party's employer.

A reading of the statute will convince one that it is only in the event of the subcontractor or independent contractor not having complied with the law, and paid into the compensation fund, that the injured employee shall be deemed to be the employee of the general contractor, unless he recognizes the subcontractor as his employer. That surely eliminates the principal contractor, under the circumstances in this case, from being considered as the employer of the defendant in error, even if the Truscon Steel Company had not complied with the statute and paid into the compensation fund. The record shows that the employee, the defendant in error, considered the Truscon Steel Company his employer, and filed his claim, and as a matter of fact received his compensation. By reason of both of these conditions in this statute that is relied upon, plaintiff clearly could not get compensation as an employee of the general contractor.

So now, having eliminated the question as to

whether- or not the general contractor was the employer of defendant in error by coming to the conclusion that he was not, this question then arises: If a person is injured in the course of his employment, in such a way that he is entitled to compensation, and he makes application to the Industrial Commission of Ohio, and is awarded compensation which is charged up to his employer, can he bring an independent action against a third party, a stranger in the transaction, and recover for the negligence?

Now if, between the principal contractor and the employee of the subcontractor there is no relation of master and servant, or of employer and employee, then what is the relation between the principal contractor and the injured person? Manifestly there can be none. He is either the employer or else he is not the employer, and, if that relation does not exist, there is no relation existing between them except that of strangers.

We think that the law is well settled in Ohio that, if a person is injured at such a time and in such a manner by the negligence of a third person, while engaged in an occupation for which he would be entitled to compensation against his employer, he may still sue and recover against the third party who causes the injury. Now that is all there is to this lawsuit.

In the case of *Brunk, Admx.,* v. *C., C., C. & St. L. Ry. Co.,* 20 N. P. (N. S.), 360, 28 O. D. (N. P.), 320, the court of common pleas of Clark county held that:

"The court is convinced that the compensation provided by the Workmen's Compensation Act is in the nature of occupational insurance, and that the

same rule which is applicable to general insurance is applicable to the payment of compensation under the act; the act being silent on this point."

The syllabus of that case reads:

"The compensation provided by the Workmen's Compensation Law of Ohio to injured employees or the representatives of those who are killed in the course of their employment is in the nature of occupational insurance, and like general insurance cannot be deducted or treated as an offset to a claim for damages for wrongful injury or death; and it follows that it is not error to exclude from consideration by a jury, in an action for damages for injury or death against a tort-feasor, the fact that compensation has been accepted from the state insurance fund."

See *Kenning, Admx.,* v. *Interurban Ry. & T. Co.,* 30 O. D. (N. P.), 446, 18 N. P. (N. S.), 526, and there are a great many *nisi prius* cases in Ohio holding the same proposition.

In the case of *Vayto* v. *River Terminal & Ry. Co.,* 18 N. P. (N. S.), 305, at page 319, 28 O. D. (N. P.), 401, the court made use of the following language:

"The act or law [referring to the Compensation Law] does not provide for full compensation; and, even if it did, to hold that a third person might negligently injure a man while that man was in the course of his master's business, and escape liability merely because the man's employer was a contributor to the state insurance fund, would inevitably lead to wanton destruction of limb and life. To so hold would be tantamount to holding that, because a man has ample insurance upon his life, another may negligently kill him, or, if he has an accident

policy, another may wantonly injure him, and plead the payment of the insurance as a defense to an action for the injury or death. It has been so uniformly held that this cannot be done that it would be useless and unnecessary to cite authorities in support of the proposition.''

See, also, *Davis* v. *Guarnieri,* 45 Ohio St., 470, 15 N. E., 350, 4 Am. St. Rep., 548.

We think that the law is well settled in this state that, where a person is injured while engaged in occupation for his master, under circumstances such that he would be entitled to compensation and receive his compensation from the state fund, he is not deprived of his right to maintain a suit against a third person who has wrongfully injured him, and the third person can neither plead a set-off nor any defense to the injured person's right to recover.

As we have already said, the relation in the present case between the injured person and the plaintiff in error was that of strangers, and the action was predicated upon a plain act of negligence of the plaintiff in error, and, following the authorities, we are constrained to come to the conclusion that the injured person, defendant in error in this action, had the right to recover.

It is not urged that the verdict is excessive. In fact, the only point that has been argued to us was that the judgment was contrary to law because of the statute above referred to.

We, therefore, upon a perusal of the record, think that this judgment should be affirmed.

*Judgment affirmed.*

SULLIVAN and LEVINE, JJ., concur.