JOSEPH E. IERARDI *v.* FARMERS TRUST COMPANY OF NEWARK, administrator of Alfred C. Stiltz, deceased.

(*November* 21, 1928.)

PENNEWILL, C. J., RICE and RODNEY, J. J., sitting.

*Howard Duane* (of Marvel and Morford) for plaintiff.
*William Prickett* for defendant.

Superior Court for New Castle County, No. 10, January Term, 1928.

PENNEWILL, C. J., delivering the opinion of the court:

■ ■ 1. Defendant claims that it does not appear from the third count of the declaration that there was any causal connection between the Pennsylvania statute and the injuries suffered by the plaintiff, the argument being that the purpose of the statute was only to regulate traffic, and not to protect persons working in the street. In the absence of a clear intent to that effect, we cannot say that such was the only purpose of the statute. So far as appears, it was intended to protect any one lawfully in the street, whether riding in some vehicle, proceeding on foot, or at work in such street. A man working in the bed of a congested street could not be expected to see every approaching motor vehicle in time to avoid being hit by it, and, therefore, had the right to assume that such vehicles would obey the statute and keep as near to the right side of the street in the direction in which they were proceeding as was possible. This count, therefore, sets out a cause of action. *Brown v. Schendelman*, 4 *W. W. Harr.* (34 *Del.*) 50, 143 *A.* 42, cited by the demurrant, involved a very different statute and has no application to this case.

■ 2. The mere general allegation in the fourth count of the declaration that the accident was caused by the failure of the operator to give warning of his approach was not sufficient. It is not alleged that he was injured at a street intersection, and it should, therefore, appear from this count of the declaration that conditions were such, at the time, that the defendant in the exercise of reasonable care was required to give warning of his approach. *Hughes v. Connable*, 5 *Penn.* 523, 64 *A.* 72, and *Silvia v. Scotten*, 1 *W. W. Harr.* (31 *Del.*) 290, 114 *A.* 206, 207, seem to be in point. In the latter case the court said:

"There was no duty upon the driver of an automobile to give warning unless the exigencies of the occasion demanded it, and he saw that there was danger of collision; that the counts alleged no such facts as required notice, and were, therefore, insufficient."

■ 3. The question raised by the demurrer to the fifth count of the declaration is analogous to that raised by the demurrer to the fourth count. It does not appear that the injuries to

the plaintiff were caused by defendant's motorbus not being equipped with the brakes required by the Pennsylvania statute. It is true that this is alleged, in general terms, but none of the existing conditions appear, and the bare general allegation above referred to is not sufficient.

4. The same question is raised by the demurrer to the sixth count, as none of the conditions existing at the time and place of the accident were alleged, and that count is, therefore, insufficient.

The demurrer to the third count of the declaration is, therefore, overruled, but the demurrer to the fourth, fifth, and sixth counts is sustained.

This action was originally brought against Alfred C. Stiltz during his lifetime, but at the March Term, 1929, a petition was presented to the court (RICE and HARRINGTON being the judges then sitting) by the Farmers Trust Company of Newark, alleging his death and its appointment as his administrator.

Pursuant to the prayer of that petition and without the issuance of a writ of *scire facias* by the plaintiff, that company, as administrator of the said Alfred C. Stiltz, was substituted for him as a party defendant.

After the decision on the demurrer, hereinabove referred to, an amended declaration containing six counts was filed by the plaintiff. Shortly before the March Term, 1929, a plea in abatement was filed by the defendant to the third, fourth, fifth and sixth counts of the amended declaration.

This plea, in substance, alleged that at the time the plaintiff was injured he was an employee of the Philadelphia Rapid Transit Company and was then acting in the regular course of his employment; that the provisions of the Pennsylvania Workmen's Compensation Act had been duly accepted by both employer and employee and that Ierardi had been paid compensation for his injuries by

that company; that the Pennsylvania Compensation Act, among other things, provided that upon payment of compensation to an employee for injuries done by a negligent third person, the employer should "be subrogated to the right of the employee * * * against such third person, but only to the extent of the compensation payable under this article by the employer" (*section* 319, *Act June* 2, 1915, *P. L.* 736 [77 *P. S.* § 671]), and that the Rapid Transit Company had a legal interest in the right of action of the plaintiff and was, therefore, a necessary joint party to this action.

The plaintiff demurred to this plea and the argument on the demurrer was before RICE and HARRINGTON, J. J., who constituted the court at the March Term, 1929.

HARRINGTON, J., delivering the opinion of the court:

This is an action on the case for personal injuries to the plaintiff alleged to have been caused by the negligent acts of an employee and agent of Stiltz, whose administrator is the defendant.

It appears from the plea in abatement that the plaintiff was an employee of the Philadelphia Rapid Transit Company; that the injuries alleged to have been received by him were received while he was acting in the performance of his duties as an employee of that company, and that compensation for such injuries was paid to him by his employer.

The question to be determined is whether, having paid compensation to the plaintiff, its injured employee, the Rapid Transit Company is a joint legal owner of his right of action against Stiltz, the alleged negligent third person, and is, therefore, a necessary joint party plaintiff in a suit against him. If it is a necessary party plaintiff, that its nonjoinder can be raised by a plea in abatement is not disputed. *Woolley's Delaware Practice,* § 468; 1 *Chitty on Pl., star page* 446; *Gould on Pl.,* § 103, *p.* 253; *Ellis, Admr., v. Culver,* 1 *Harr.* 76, note.

The interest of the Rapid Transit Company in this action depends upon the provisions of section 319 of the Pennsylvania Workmen's Compensation Act (77 *P. S.* § 671). This section provides:

"Where a third person is liable to the employee or the dependents for the injury or death, the employer shall be *subrogated* to the right of the employee

or the dependents against such third person, but only to the extent of the compensation payable under this article by the employer. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employee or to the dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation."

Under this statute, the Rapid Transit Company has certain rights in this cause of action, but the extent of such rights, and whether they are legal or equitable, depends upon the meaning of the word "subrogated."

Subrogation is an equitable remedy borrowed from the civil law. *In re Shimp's Estate*, 197 *Pa.* 128, 46 *A.* 1037; *Shinn v. Budd*, 14 *N. J. Eq.* 234; *Young v. Vough*, 23 *N. J. Eq.* 325; *National Surety Co. v. State Savings Bank* (*C. C. A.*), 156 *F.* 21, 14 *L. R. A.* (*N. S.*) 155, 13 *Ann. Cas.* 421.

Generally speaking "it is the substitution of one person in the place of another, whether, as creditor or as the possessor of any other rightful claim." *Sheldon on Subrogation, ps.* 1, 2; *Townsend v. Cleveland Fire Proofing Co.*, 18 *Ind. App.* 568, 47 *N. E.* 707; *Leavitt v. Canadian Pac. R. R. Co.*, 90 *Me.* 153, 37 *A.* 886, 38 *L. R. A.* 152; *Jackson Co. v. Boylston Mut. Ins. Co.*, 139 *Mass.* 508, 2 *N. E.* 103, 52 *Am. Rep.* 728.

Subrogation materially differs, however, from a legal assignment and unless the context of the statute as a whole clearly requires that meaning, that word cannot be so construed. As was said by the Supreme Court of the United States in *City of New Orleans v. Whitney*, 138 *U. S.* 595, 11 *S. Ct.* 428, 431, 34 *L. Ed.* 1102, "subrogation is not assignment. The most that can be said is that the subrogated creditor, by operation of law, represents the person to whose right he is subrogated." See, also, *Beach on Equity Jurisprudence*, § 820; *Storey's Equity*, § 493.

While the rule is different in a court of equity, in a court of law, independent of statute where subrogation applies suit must, therefore, be brought in the name of the person whose real rights are being litigated, though some other person may be entitled in equity to the whole, or a part of any judgment that may be rendered. *Travelers' Ins. Co. v. Great Lakes Eng. Works* (*C. C. A.*),

184 *F*. 426, 36 *L. R. A.* (*N. S.*) 60; *Norwich Union Fire Ins. Society v. Standard Oil Co.* (*C. C. A.*), 59 *F*. 984; *Simpson & Co. v. Purrell, L. R. 3 App. Cas.* 279; *Beach on Equity Jurisprudence,* vol. 2, § 818.

█ This is because the wrongful act of the negligent third person is single and indivisible and can give rise to but one liability. *Ætna Ins. Co. v. H. & St. J. R. Co.,* 1 *Fed. Cas.* 207, *No.* 96; *Norwich Fire Ins. Society v. Standard Oil Co.* (*C. C. A.*), 59 *F*. 984; *Hart v. Railroad Co.,* 13 *Metc.* (*Mass.*) 99, 46 *Am. Dec.* 719.

█ The defendant contends, however, that it appears from the context of the Pennsylvania statute that the word "subrogated" was used in the sense of assigned, and that the courts of that state have so construed it.

By reason of that fact he further contends that the Rapid Transit Company had a legal interest in the cause of action of the plaintiff, and that the failure to join that company as a party might, therefore, result in a double liability on the part of the Stiltz estate.

In support of this contention he cites *Smith v. Yellow Cab Co.* (1927), 288 *Pa.* 85, 135 *A*. 858; *Kinney v. Pa. & R. R. Co.,* 26 *Pa. Dist. R.* 502; *Wilson v. P. B. & I. Works,* 85 *Pa. Super. Ct.* 537. None of these cases bear out his contention.

Law and equity are administered by the same courts in Pennsylvania, and by reason of that fact the line of demarcation between the two jurisdictions is not always clearly defined. This was, apparently, the case in *Smith v. Yellow Cab Co.,* upon which the defendant mainly relies.

Suit had been brought in that case by the injured employee against the negligent third person, and though that person had notice that compensation had been paid by the employer and that he claimed an interest in the cause of action, the case was compromised by the plaintiff and the defendant and the whole of the agreed sum was paid to the plaintiff.

Another suit, based on the same cause of action, but for the recovery of the amount of the compensation that he had paid his employee, was subsequently brought by the employer against the

same defendant. The plaintiff recovered but recovery was based entirely upon equitable principles and there was nothing to indicate, that the employer was in any sense treated as a legal assignee.

Further than that, the action, though instituted by the employer, was brought in the name of the employee.

In *Wilson v. P. B. & I. Works*, the Superior Court pointed out that the statute did not provide in whose name the actions should be brought, but said that under the practice in that state, the compensating employer might be joined as a party plaintiff; the action might be for his use, or his interest might appear in the pleadings.

It further expressly stated, however, that failure to adopt any of these plans would not prevent subrogation of the employer out of the fund that might be recovered in the action.

In *Kinney v. Philadelphia & Reading Ry. Co.*, the district court, on the affidavit of the defendant, stayed a suit brought in the name of the dependents of the deceased employee until the employer had been added as a party plaintiff. His joinder as a method of calling attention to his interest in the action seems to be a common practice in Pennsylvania (*Gentile v. P. & R. R. Co.*, 274 *Pa.* 335, 118 *A.* 223; *Wilson v. P. B. & I. Works*, 85 *Pa. Sup. Ct.* 537) and there is nothing, whatever, to indicate from this that such interest was legal.

That the rights of the compensating employer, under the Pennsylvania statute, are regarded in that state as purely equitable and in no sense as legal, is, also, clearly shown by the following cases decided by the Supreme Court of that state: *Mayhugh v. Somerset Tel. Co.*, 265 *Pa.* 498, 109 *A.* 211; *Lengle v. North Lebanon Township*, 274 *Pa.* 51, 117 *A.* 403; *Gentile v. P. & R. R. Co.*, 274 *Pa.* 335, 118 *A.* 223.

If there shall be a judgment in this case in favor of the plaintiff, the rights of his employer can, if necessary, be adequately protected by appropriate action in the Court of Chancery. *Hartford, etc., Indemnity Co. v. Chartrand*, 239 *N. Y.* 36, 145 *N. E.* 274; *Pomeroy's Equity Jurisprudence*, §§ 186, 1419.

The defendant cites numerous cases construing the compensation statutes of states, other than Pennsylvania (*Silvia v. Scotten*,

2 *W. W. Harr.* [32 *Del.*] 295, 122 *A.* 513; *Travellers Ins. Co. v. Foss*, 124 *Me.* 399, 130 *A.* 210; *Friebel v. Chicago City Ry. Co.*, 280 *Ill.* 76, 117 *N. E.* 467; *Massachusetts Bonding, etc., Ins. Co. v. San Francisco Rys. Co.*, 39 *Cal. App.* 388, 178 *P.* 974; *Stackpole v. Pacific Gas Co.*, 181 *Cal.* 700, 186 *P.* 354; *Donahue v. Thorndyke*, 119 *Me.* 20, 109 *A.* 187; *Lowe v. Morgan Co.*, 150 *La.* 29, 90 *So.* 429; *Lancaster v. Hunter* (*Tex. Civ. App.*), 217 *S. W.* 765; *Southern Ry. Co. v. U. S. Cas. Co.*, 136 *Va.* 475, 118 *S. E.* 266, 268; *Eagle-Picher Co. v. Kirby*, 109 *Okl.* 96, 235 *P.* 176; *Polhemus v. Prudential Realty Corporation*, 74 *N. J. Law* 570, 67 *A.* 303) many of which the plaintiff attempts to distinguish because of the provisions of the statutes involved, but by reason of the conclusion above announced, it is unnecessary for us to consider any of them.

We will state, however, that the remarks of the Supreme Court of this State in *Silvia v. Scotten*, 2 *W. W. Harr.* (32 *Del.*) 295, 122 *A.* 513, were made in connection with a statute that expressly provided that where compensation had been paid suit might be brought against the negligent third person, either in the name of the employer or the employee.

For the reasons above given, the demurrer to defendant's plea in abatement is sustained.

After the decision of the court on the demurrer to the plea in abatement (November 20, 1929) a fifth plea in bar was filed to all of the counts of the plaintiff's amended declaration.

This plea was, also, based on the Pennsylvania Workmen's Compensation Act and set out that act in full.

It, also, in substance alleged that the plaintiff at the time that he was injured was an employee of the Philadelphia Rapid Transit Company and was then acting in the course of his employment; that, together with his said employer, he had agreed to accept the provisions of the Pennsylvania Compensation Act, and that "the compensation or damages payable under said act for said plaintiff's injuries is (was) the sum of Thirty-six Dollars ($36.00)."

It further alleged that defendant had paid the sum of One Hundred Dollars into court and that the plaintiff had "not sustained damages to a greater amount than that sum."

The plaintiff demurred to his plea and by agreement of counsel, the argument on the demurrer was heard at the November Term, 1929, HARRINGTON and RICHARDS, J. J., then constituting the court.

HARRINGTON, J., delivering the opinion of the court:

It appears from the allegations in the pleadings that the plaintiff in this action was an employee of the Philadelphia Rapid Transit Company and had accepted the provisions of the Pennsylvania Workmen's Compensation Act.

It further appears that while acting in the regular course of his employment he was injured by a negligent third person and was awarded and paid compensation for such injuries by his employer. The question raised by the demurrer and to be determined by us is whether any judgment that may be rendered against such negligent third person on the cause of action of the injured employee is limited to the amount of compensation awarded to him from his employer.

The defendant, the negligent third person, contends that such employee's common law right to recover the full amount of the damages suffered by him has been taken away by the Pennsylvania act, and that under the provisions of that act such action is purely for the purpose of indemnifying the employer for the amount awarded the employee; and that his recovery is, therefore, limited to that amount, which in this case would be $36.00 and costs.

The plaintiff contends, however, that the act in question is merely intended to regulate the rights of the employee against his employer and that it does not in any way regulate his rights against a negligent third person.

The contention of the defendant is based on sections 303 and 319 of the Pennsylvania Compensation Act (77 *P. S.* §§ 481, 671).

While section 303 does provide that a compensation agreement "shall operate as a surrender by the parties thereto of their rights

to any form or amount of compensation or damages for any injury * * * occurring in the course of the employment, or to any method of determination thereof, other than as provided" by that act, as we view it this language was merely intended to apply to rights between employer and employee.

In connection with this question, the court in *Smale v. Wrought Washer Mfg. Co.*, 160 *Wis.* 331, 151 *N. W.* 803, 804, aptly said:

"The purpose and effect of the workmen's compensation act is to control and regulate the relations between an employer and his employees. As between them the remedies there provided are exclusive when both are under the act at the time of the accident. The law does not attempt in any way to abridge the remedies which an employee of one person may have at law against a third person for a tort which such third person commits against him."

In *Silvia v. Scotten*, 2 *W. W. Harr.* (32 *Del.*) 295, 122 *A.* 513, 514, our Supreme Court, also, said:

"When the purpose of the Workmen's Compensation Act is borne in mind it would be highly unreasonable to assume that in its enactment the Legislature intended to save a class of wrongdoers who are in no wise related to the compensation scheme from the liability which the law had theretofore imposed upon them. The Workmen's Compensation Act concerns only employer and employee and is designed to afford a fair and equitable adjustment of their mutual rights and obligations, primarily for the benefit of the employee. A stranger to the employment is outside of the act's contemplation, and his liabilities are not intended by the act to be disturbed. The only particular in which the act deals with him appears in section 131, and here there is no attempt to destroy his liability, the sole purpose of the section being to make an alteration in the theretofore existing law in respect to parties plaintiff against him in case compensation has been agreed upon."

While the statutes of both Wisconsin and Delaware are somewhat different from the act under consideration, the language above quoted as to the general purpose of compensation acts would seem to be pertinent to this case. Section 319 of the Pennsylvania Statute, like section 131 of the Delaware Act (29 *Del. Laws, c.* 233) clearly recognizes a common-law right of action by the employee against a negligent third person who has caused his injuries, but the extent of that right and whether there is any statutory limitation on the amount that can be recovered is the real question for us to determine.

Section 319 provides that

"Where a third person is liable to the employee * * * for the injury * * * the employer shall be subrogated to the right of the employee * * * against such third person, but only to the extent of the compensation payable * * * by the employer."

The same section in the next sentence, also, provides that

"Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employee * * *, and shall be treated as an advance payment by the employer on account of any future instalments of compensation."

Where a third person causes the employee's injuries and is liable to him therefor, section 319, therefore, provides:

1. That the employer shall be subrogated to the rights of the employee but only to the extent of the compensation payable.

2. That any amount recovered by the employee "in excess of the compensation theretofore paid by the employer, shall be forthwith paid to the employee."

3. That such excess amount "shall be treated as an advance payment by the employer on account of any future installments of compensation."

That the employer, out of any judgment rendered against the negligent third person, can merely be reimbursed to the extent of the compensation awarded against him, is, therefore, clear, but it does not necessarily follow from this that the right of action of the employee was solely for the benefit of his employer and to indemnify him for compensation awarded against him.

This court has already held at an earlier stage of this case that the word "subrogated," as used in the Pennsylvania statute, does not mean assigned, and that the liability of a negligent third person to the employee must, therefore, be enforced in his name, and not in the name of his employer.

The defendant points out that there is no clause in the statute expressly providing that the liability of the negligent third person shall not be limited to the compensation awarded the employee, such as appeared in the statute construed in *Otis Elevator Co. v. Miller & Paine* (*C. C. A.*), 240 *F.* 376.

A more important fact, however, is that the amount of the liability of the negligent third person is certainly not expressly limited to the compensation paid by the employer to the employee.

The contention of the defendant is largely based on the last clause of section 319.

The compensation act in question is in derogation of the common law, and existing common-law rights are, therefore, not taken away by it unless by direct and specific provisions or by necessary implication. *King v. Viscoloid Co.*, 219 *Mass.* 420, 106 *N. E.* 988, *Ann. Cas.* 1916D, 1170; *Trumbull Cliffs Fur Co. v. Shackovsky*, 27 *Ohio App.* 522, 161 *N. E.* 238.

It provides that any amount recovered from the negligent third person in excess of the compensation paid by the employer shall be paid to the employee.

The next clause, which provides that such excess amount "shall be treated as an advance payment by the employer on account of any future installments of compensation," merely refers to the application of that amount as between the employer and the employee where compensation was awarded in installments and has not been fully paid.

Bearing in mind the purpose of the act, as heretofore stated, this would seem to be the reasonable construction of the language in question. The conclusion, therefore, necessarily follows that the Pennsylvania Compensation Act does not limit the judgment that may be procured by an injured employee against a negligent third person to the amount of compensation that was awarded him against his employer and it seems to have been so construed by the courts of that state. *Lengle, et al., v. North Lebanon Township* (1922), 274 *Pa.* 51, 117 *A.* 403; *Gentile v. P. & R. Ry. Co.* (1922), 274 *Pa.* 335, 118 *A.* 223; *Smith v. Manganese Mfg. Co.* (1917), 28 *Dist. R.* 699. See, also, *Mayhugh v. Somerset Telephone Co.*, 265 *Pa.* 498, 109 *A.* 211.

The demurrer to the plea in question is, therefore, sustained.