**Alex MITSOS, Plaintiff,**

v.

**UNITED STATES of America, Defendant & Third-Party Plaintiff,**

v.

**LAMP CONTRACTING COMPANY, Third-Party Defendant.**

**Civ. A. No. 73–101.**

United States District Court,
W. D. Pennsylvania.
April 25, 1974.

Stephen J. Harris, Pittsburgh, Pa., for plaintiff.

Henry Barr, Asst. U. S. Atty., Pittsburgh, for defendant.

Sikov & Love, Pittsburgh, Pa., for third party defendant.

## OPINION

GOURLEY, Senior District Judge:

This civil non-jury proceeding has been filed and jurisdiction exists pursuant to the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b). The Court has afforded the parties a full and complete trial.

The facts may be briefly stated. Plaintiff, as an employee of third-party defendant, had been engaged in painting various ramps and bridges in downtown Pittsburgh, Pennsylvania. On August 8, 1971, the day of the accident, plaintiff, while acting within the course and scope of his employment, was removing one-half inch thick cables from an overhead ramp above another ramp known as the Crosstown ramp. At approximately 4:00 P.M., while plaintiff was so engaged, a United States mail truck operated by Ralph E. Posey, an employee of the United States Post Office, travelling southbound on the Crosstown ramp, came into contact with a cable being lowered by plaintiff, causing him to fall to the ground a distance of fifteen feet and to sustain fractures of the wrists and hip. There is no question that Mr. Posey was acting within the scope of his employment at the time.

The issue before the Court is whether and to what extent liability for plaintiff's injuries attaches to defendant or third-party defendant. Based on a most careful assessment of the facts, the Court must conclude that plaintiff's injuries were the direct result of the negligence of both defendant and the third-party defendant, and that the plaintiff was not contributorily negligent.

On the date of the accident, the third-party defendant, which was performing a contract it had with the Pennsylvania Department of Transportation, had five to seven men, including plaintiff, working near the scene of the accident. The cables being removed had been used to support equipment and workmen who had been painting the structural steel portions of the ramps. The cables had been fastened to the underside portion of the ramps by the use of ropes suspended from the overpass at intervals of fifteen to twenty feet as well as having the cables wrapped around the concrete piers that provided support for the overpass. In addition to these workmen, George Pateras, the owner of Lamp Contracting Company, had been stopping traffic while the cable removal procedures were underway. Shortly before the accident, George Pateras delegated the job of traffic control to his brother, Michael Pateras.

Apparently Michael Pateras did not properly discharge this responsibility, because, although he claimed to have used a flag, he could not produce either a vest commonly used by persons flagging traffic or a flag when asked to do so by Sgt. Rooney, a member of the Allegheny County police force, who had been called to investigate the accident. Indeed, Michael Pateras had stated to Sgt. Rooney that another individual, who could not be questioned at the scene because he spoke no English, had been acting as flagman and had worn a vest. In view of the inexplicable discrepancies, the testimony of Michael Pateras is not deserving of any credence being attributed to it.

It is well to note that no warning or caution signs were placed along the ramp on the day of the accident by any employee of the third-party defendant. Moreover, plaintiff was in such a

position under the ramp that it was necessary to advise him that the cables could be lowered safely; he indicated that he had been so advised before dropping the cables. Under the circumstances, the third-party defendant acted negligently by failing to take steps to properly warn oncoming traffic and by giving plaintiff an indication that he could lower the cable.

■ To say that the third-party defendant acted negligently is not to say that the defendant is exculpated from liability. Although no caution signs had been placed on the ramp, the driver of the mail truck had an unobstructed view of the work in progress as he approached the scene of the accident. While no flagman was properly attired, the Court is satisfied that the mail truck driver should have observed not only Michael Pateras but also the various workmen who were assisting plaintiff in letting the cable down and rolling it up. Thus the driver should have apprehended the possible danger inherent in the situation. In this respect, this case is different from that which defendant relies on, Mayhugh v. Somerset Telephone Co., 265 Pa. 498, 109 A. 211 (1920), which held that a plaintiff-pedestrian was not contributorily negligent for not looking up as he crossed the street and failed to notice a charged sagging wire, and that he was not bound to anticipate unusual danger therefrom. Factually, the present case is readily distinguishable from *Mayhugh*, as can easily be seen from photographs of the ramp and the approach thereto which have been incorporated as a part of the record. The driver of defendant's mail truck would not have had to look up to see any wire but in fact would have been able to see it by looking straight ahead. This is possible because of the 15° downhill grade on the Crosstown ramp as one approaches the scene of the accident. Aside from the fact that the present case is factually distinguishable from *Mayhugh*, there is a different principle of law applicable for an operator of a motor vehicle than for a pedestrian

known as the "assured clear distance ahead rule." The Supreme Court of Pennsylvania has explained the rule as follows:

> For many years under the law of Pennsylvania it has been the rule that the driver of an automobile on a public highway must be alert to have it under such control that he can stop it within the "assured clear distance ahead." This requires that the driver operate his automobile at such a rate of speed and in such a manner that he can always stop it within the distance that he can clearly see: Metro v. Long Transportation Company, 387 Pa. 354, 127 A.2d 716 (1956). Enfield v. Stout, 400 Pa. 6, at p. 11, 161 A.2d 22, at p. 25 (1960).

The Court must conclude that the driver of the truck had ample opportunity to observe the cable being lowered and the workmen in the area and that his failure to stop prior to contacting the cable constitutes a breach of the assured clear distance rule.

■ In view of the determination that both defendant and third-party defendant were negligent and that their respective actions caused the plaintiff's injuries, there remains for disposition the question of the extent of liability for each. The third-party defendant contends that its liability is limited to the extent of its obligation under the Pennsylvania Workmen's Compensation Laws, 77 Pa. P.S. § 1 et seq. Unquestionably, this contention is correct. Moreover, the duty of the employer-third party defendant to make contribution to defendant does not exceed its liability under the workmen's compensation statute. Chamberlain v. Carborundum Company, 485 F.2d 31, (3d Cir., 1973).

As noted above, plaintiff suffered severe injuries to his wrists and hip, and he endured considerable pain, suffering, and inconvenience. He was hospitalized for approximately two months, from August 8, 1971, to September 30, 1971. Plaintiff continued to receive medical attention from his doctor until Decem-

ber, 1971. In addition, he was unable to work for a period of 38 weeks. This resulted in a substantial loss of income, since his usual weekly income was $320, or a total of $12,160. Besides loss of earnings, he incurred substantial medical expenses as a result of the accident, amounting to $4,540.45. Fortunately, there is no situation existing which causes plaintiff impairment of earning power or permanent disability.

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing Opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate Order is entered.

## ORDER

And now, this 25th day of April, 1974, Judgment is hereby entered in favor of the plaintiff, Alex Mitsos, and against the defendant, United States of America, in the amount of Thirty Thousand (30,000) Dollars, together with costs.

Judgment is further entered in favor of the United States of America, the third-party plaintiff, and against Lamp Contracting Company, the third-party defendant, in the maximum amount to which the third-party defendant was obligated to pay its employee, Alex Mitsos, the plaintiff, under the provisions of the Pennsylvania Workmen's Compensation Laws. Counsel for the United States of America and the Lamp Contracting Company shall confer and consult and present to the Court on or before May 1, 1974, an appropriate Order for Judgment in favor of the United States of America and against the Lamp Contracting Company consistent with the provisions of law in the Commonwealth of Pennsylvania.

It is the specific intention of this Order that no duplicate payments are to be made to the plaintiff under any circumstances by the United States of America. Furthermore, to the extent that Lamp Contracting Company, the third-party

defendant, has fulfilled its obligation under the Pennsylvania Workmen's Compensation statutes, no further payment in satisfaction of its obligation to the United States of America is required.